NEWTON (HARDON v.). See Case No. 6,054.
NEWTON (HOWE v.). See Case No. 6,771.

---

## Case No. 10,191.

NEWTON v. MUTUAL BEN. LIFE INS. CO.

[2 Dill. 154.] [1]

Circuit Court, E. D. Missouri. 1873. [2]

LIFE INSURANCE — RES GESTAE — EX PARTE AFFI-
DAVITS AS EVIDENCE.

1. In an action on a life policy, where the issue on trial was whether the assured "died by his own hand," and where it was clear that he had been killed by a pistol shot, the court admitted in evidence as part of the res gestae, the declarations (under the circumstances stated in the case) of another person since deceased as to the manner in which the death had been caused. Following Insurance Co. v. Mosley, 8 Wall. [75 U. S.] 397.

2. Ex parte affidavits of third persons furnished to the company by the plaintiff, to show the fact of death, were rejected as evidence when offered by the company on the trial to establish a controverted fact as to the mode of death.

[Cited in Hiles v. Hanover Fire Ins. Co., 65 Wis. 592, 27 N. W. 348.]

[This was an action at law by Hallie Newton against the Mutual Benefit Life Insurance Company.]

Geo. P. Strong and T. Z. Blakeman, for plaintiff.

Lackland, Martin & Lackland, for the company.

1. On the trial this question of evidence arose: It appeared that Newton, whose life was insured for the benefit of the plaintiff, went to Los Angeles, in California, a stranger, but with letters of introduction to prominent citizens, and registered himself at the hotel. The landlord's deposition was taken to prove the death of Newton, and the circumstances. He testified, in substance, that on the same night, about two o'clock, he heard the report of a pistol, called his wife's attention to it, immediately arose, and at once went out into the hall, not stopping to dress himself, and on reaching the door of the room next to his (which room was occupied by a man by the name of Burns) he met Burns coming out, seemingly excited, saying something about the man having shot

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]
2 [Reversed in 22 Wall. (89 U. S.) 32.]

himself. The landlord passed into the room, found Newton sitting upright on the bed, with part of his clothing off, with eyes open, with fresh blood over the region of the heart, a pistol lying beside the bed, and on being approached, it was found that Newton was dead. This was not the room assigned to Newton, but to Burns. It was proved at the trial that Burns was then dead, and that no one was present at the time when the pistol was fired, unless Burns was then present. The issue on the trial was, whether Newton "died by his own hand," within the meaning of the policy. The plaintiff objected to that portion of the testimony of the landlord in which he states that Burns, as he came out of the room, said something about the man having shot himself. The court, upon consideration, ruled that the declaration of Burns ought to be received for the consideration of the jury, and the declaration was part of the res gestae of the event under investigation, within the reasons and principles of the decision of the supreme court in the case of Insurance Co. v. Mosley, 8 Wall. [75 U. S.] 397.

2. The policy contained a provision that the sum insured should be paid "within ninety days after due notice and proof of death." The mode of proof was not prescribed. The father of the plaintiff, acting for her, delivered to the agent of the company several ex parte affidavits of third persons, taken in California, to show the death, but these affidavits were accompanied with no statement by the plaintiff, or for her. The company, claiming that these affidavits showed that the person whose life was insured committed suicide, refused, on that ground alone, to pay. These facts being shown by the plaintiff, the company offered in evidence on its part these affidavits so delivered to it. The plaintiff objected. After consideration of the cases cited by counsel (particularly, Campbell v. Charter Oak Ins. Co., 10 Allen, 213; Cluff v. Mutual Ben. Ins. Co., 99 Mass. 317; Irving v. Excelsior Fire Ins. Co., 1 Bosw. 507), the court ruled that the evidence was not competent.

Before DILLON, Circuit Judge, and TREAT, District Judge.

THE COURT observed that the affidavits, etc., may be received in evidence to show that due proofs of death were made, where there has been no waiver; but they are not competent evidence on the issues joined at the trial as to the controverted facts. Preliminary proofs are for the satisfaction of the company in the first instance, so that it may determine whether it will pay without a contest, or will remit the claimant to a judicial forum to establish his demand. When that judicial forum is resorted to, the case is to be tried on the issues, under the ordinary rules of evidence.

NOTE. The plaintiff recovered, and the defendant sued out a writ of error to the supreme

court [where the judgment of this court was reversed, and a new trial ordered. 22 Wall. (89 U. S.) 32.]