HILES and another, Respondents, vs. THE HANOVER FIRE INSURANCE COMPANY, Appellant.

*March 3 — March 16, 1886.*

INSURANCE AGAINST FIRE: PLEADING: EVIDENCE. *(1) Admission in answer of part of claim. (2, 3) Admission, without objection, of evidence competent for one purpose only.*

1. In an action upon a policy of insurance, the answer, besides a general denial of everything not specifically admitted, alleged that the plaintiffs had misrepresented the amount of the property in procuring the insurance and in the proofs of loss, and then denied "that the plaintiffs, by the fire in question, sustained an actual loss exceeding the sum of $4,000." *Held*, that this was not an admission of any part of the plaintiffs' claim.

2. Evidence which is relevant and competent for a certain purpose only, and to which, when offered, no objection, or a mere general objection, is made, is to be treated, when received, as evidence for that particular purpose, and no further.

3. Thus, when in an action upon a policy of insurance a copy of the proofs of loss and evidence that the original was received by the defendant company, were introduced without objection, such evidence will be treated merely as showing a compliance with the requirements of the policy, and not as proof that the plaintiffs actually incurred a loss.

APPEAL from the Circuit Court for *Fond du Lac* County. The facts will sufficiently appear from the opinion.

For the appellant there was a brief by *Quarles & Spence*, attorneys, and *J. T. Fish*, of counsel, and oral argument by *Mr. Spence*.

For the respondents there was a brief signed by *E. Q. Nye*, *E. S. Bragg*, and *J. M. Morrow*, and oral argument by *Mr. Morrow*. They contended, *inter alia*, that as the proofs of loss were received as evidence without objection, they were competent for all purposes in the action. *Bonner v. Home Ins. Co.* 13 Wis. 677; *Hincken v. Mut. Ben. Ins. Co.* 50 N. Y. 657; *Moore v. Protection Ins. Co.* 29 Me. 97; *Jones v. Mechanics' F. Ins. Co.* 36 N. J. Law, 29; *N. A. Ins. Co. v. Zaenger*, 63 Ill. 464; Wood on Ins. 709, sec. 415.

ORTON, J. This suit was brought by the respondents to recover a certain proportion of the loss by fire of certain property insured by the appellant company, and which same property was insured by certain other companies. There were divers defenses, among which were that the insured had misrepresented the amount of property in the place where it was insured and burned, in procuring the insurance and in the proofs of loss; and in connection with this defense the defendant, in its answer, made this allegation: "The defendant denies that said plaintiffs, by the fire in question, sustained an actual loss exceeding the sum of four

thousand dollars." It is now insisted by the learned counsel of the respondents, on the argument, that the verdict directed by the court for the plaintiffs of $1,718, was warranted by this allegation, which is claimed to be an admission of the loss to the extent of $4,000. But we cannot find in the record that any such claim was made on the trial, but the case seems to have been treated as if the plaintiffs had to fully prove their case, and the course prescribed in sec. 2892, R. S., in relation to admissions of the whole or a part of the plaintiff's claim expressly made in the answer, was not taken or sought to be taken. But we do not think the allegation, in connection with other parts of the answer, was an express admission of any part of the plaintiff's claim; but, as claimed by the learned counsel of the appellant, it was simply a denial that a greater loss than $4,000 was possible, because there never was more than that amount of property in the building. The verdict was not demanded on any such ground, and we do not think it can be sustained by any such construction of the above qualified denial. Besides this, there was a general denial in the answer of everything not specifically admitted.

It was denied in the answer that the notice of the loss required to be given was ever given, and that any statement and account thereof was ever given in the time prescribed in the policy. It was therefore incumbent upon the plaintiffs to prove that what are called "proofs of loss" were made and delivered to the company, and in the time required. This, at least, was treated as an issue in the case, and the plaintiffs therefore offered a copy of the proofs of loss in evidence without objection, and followed it with proof that the original had been received by the company in proper time. Thereupon the plaintiffs rested their case, and moved the court to direct the jury to render said verdict, and the defendant made a counter-motion that the court enter a nonsuit in the action. There were no particular grounds

stated in the record for either motion. There was no other proof of the loss, or the amount thereof, on the trial. The only legitimate ground for a nonsuit at that stage of the trial would be that there was no evidence to warrant a verdict for the plaintiffs, or insufficient evidence.

The deficiency of the evidence, if any, consisted of the absence of all proof before the jury of the plaintiffs' loss and the amount and particulars thereof. The motion for nonsuit was denied, and the motion to direct the verdict was allowed, and the jury were ordered to return said verdict, presumably on the ground that the copy of the proofs of loss so introduced in evidence without objection was sufficient proof of the loss and the amount thereof. The contention on the part of the respondents now is that such evidence was sufficient; and on the part of appellant company (1) that the copy of the proofs of loss so introduced was only for the purpose of showing a compliance by the plaintiffs with the terms of the policy in making out and delivering proofs of loss within a certain time after the fire as a condition precedent to a recovery, and for no other purpose, and was therefore not objected to; and (2) that such copy so introduced, or the proofs of loss themselves, being *ex parte*, and the mere statement of the loss and its amount by the plaintiffs themselves, never assented to, but always repudiated and denied by the company, were irrelevant, immaterial, and incompetent as proof on the trial of such loss or the amount thereof, and that the court should have so ruled on the motion for a nonsuit. It is contended further, by the learned counsel of the appellant, that the motion for a nonsuit necessarily on that ground, was equivalent to an objection made in time to said copy being received in evidence as proof of the loss in fact on the trial, or for any other purpose than to show the performance of such condition precedent by the plaintiffs.

We will not so hold, as a question of practice, in this

case, because we choose to decide the main question involved, viz.: Whether, when certain evidence is offered which is competent, relevant, and material only to prove a certain specific fact, and incompetent, irrelevant, and immaterial as proof of anything else, and it is not objected to, or not objected to as proof of anything else, such evidence shall thereafter be proof of all facts on the merits of the cause, within the subject matter, or having reference to the subject matter, of such evidence. As for instance, as in this case, or when the statute requires that before a party injured by a defective highway can bring his action against the town he shall make out and serve on the supervisors a written statement of the defect of the highway and its location, the manner of his injury thereby and the particulars thereof, and the damages suffered; and on the trial, in order to show a compliance with this condition precedent, he introduces a copy of such statement without objection, and follows it with proof of its due service on the supervisors, and then rests his case,— shall such copy be accepted as due proof of his injury and damages, and the defect of the highway, and all other facts stated in it as its subject matter? The policy of our modern practice is that mistake, inadvertence, surprise, and excusable neglect shall work no substantial injury to a party, and that all technicalities, mean advantages, and tricks of practice shall be discouraged and frowned upon by the courts. I do not believe that there is one lawyer in a thousand, of long experience and large practice, who would even suspect that when such evidence is offered, and he was not captious enough to object to it, or object that it should not be received to prove a fact for which it was irrelevant, immaterial, or incompetent, or that it should only be received for the specific purpose for which it was only competent, that it would be claimed that such evidence was sufficient to prove any other and all other facts relating to it on the merits of the case. That

such unexpected and unreasonable advantage should be gained by the other party and lost by the party so failing to object, I am quite sure would be a surprise to the bar generally and to most courts. The rule is illogical, unreasonable, and fraught with mischief, and it is to be regretted that it has ever met with judicial sanction.

There may be some warrant and excuse for its application in this case in the circuit court, by the case of *Bonner v. Home Ins. Co.* 13 Wis. 677, although in that case the copy of the proofs of loss was objected to when offered, and it was held that the objection should have been specific as to any other facts than as proof of the performance of a condition of the policy. But the rule laid down in that case has been substantially overruled by this court in *Mead v. Hein,* 28 Wis. 533. In that case a deed was offered for a specific purpose, and because not objected to, except by a general objection, it was afterwards claimed that it should be considered in evidence to prove the value of the lots by the consideration named in it,— an entirely different purpose,— and it was held that it was irrelevant and incompetent proof of such fact, and therefore not to be treated as in evidence for such purpose. The question was so decided in that case without reference to *Bonner v. Home Ins. Co. supra,* it is true, but afterwards Mr. Justice Lyon appended to the case a note in explanation, but the decision was, nevertheless, allowed to stand as an authoritative one of the question. If the learned counsel of the respondents, or the court, had consulted that case, the rule would probably not have been applied in this case. The true limitation of the rule is suggested in the above-mentioned note, and that is, when any matter of evidence is offered, and no objection, or a mere general objection, is made, it is to be evidence, if received, for all purposes for which it is relevant and competent, but no further. Suppose, in a notice to quit served by a landlord as condition precedent to commence proceed-

ings for unlawful detainer, there is a statement that the tenant's lease has expired, or that there is so much rent due and unpaid. On the trial the copy of such notice is offered in evidence without objection, and followed by proof of the service of the original, and the plaintiff rests his case, insisting that the notice is proof of the expiration of the lease, and that so much rent is due and unpaid. Those statements of the landlord are not relevant or competent evidence against the tenant, and therefore, for such purpose, should not be received. Such is the true rule.

The proofs of loss are made to apprise the insurance company of the facts, and enable the adjusters of the company to pay without suit, or to examine into the particulars in order to determine whether they will do so. It is, after all, a mere claim asserted by the insured, and no more competent as evidence in court of the facts claimed by him therein to be true than the oral or written claim of any other party before suit. The rule is too preposterous for argument. *Hincken v. Mut. B. L. Ins. Co.* 50 N. Y. 657, is not in point in support of the rule. The objection there was that the proofs of loss were not shown to have been delivered to the company; but the court held the testimony of a witness that he delivered proofs of loss to the company, without objection, was proof sufficient. The case of *Moore v. Protection Ins. Co.* 29 Me. 97, is in point, but rests on no authority and very poor reasons. *Jones v. Brooklyn L. Ins. Co.* 61 N. Y. 79, is not in point, and so as to the case of *Bradford v. Barclay*, 42 Ala. 375. In *N. A. Fire Ins. Co. v. Zaenger*, 63 Ill. 464, the plaintiff introduced his own proofs of loss without limiting the offer, and they contained an admission in favor of the company that the premises had become vacant three weeks before the loss. The court properly held the plaintiff bound by the admission. These are the cases cited by the learned counsel of the respondents

in addition to the case in 13 Wis., which has been over-ruled,— hardly authority sufficient to sustain such an absurd rule.

On the other hand, in *Knickerbocker Ins. Co. v. Gould*, 80 Ill. 388, it was held that the admission of proofs of loss against a general objection must be limited to the purpose of establishing the fact that such proofs were made and delivered to the company as required by the terms of the policy, and that they were not evidence of the amount of the loss. In *Lycoming F. Ins. Co. v. Rubin*, 79 Ill. 408, it was held error to allow the proofs of loss to go to the jury as proof of the loss on the trial. *Citizens' Ins. Co. v. Doll*, 35 Md. 89, is to the same effect. In *Comm. Ins. Co. v. Sennett*, 41 Pa. St. 161, it was correctly held that the introduction of the proofs of loss as a condition precedent was to the court, and not to the jury, and that, therefore, their submission to the jury as evidence of the loss was error, although without objection. In *Newton v. Mut. Ben. L. Ins. Co.* 2 Dill. 154, it was held that the affidavits, as proof of the death of the person whose life was insured, furnished to the company could not be used in evidence of a controverted fact on the trial, although received in evidence after a general objection. In *Newmark v. L. & L. Fire Ins. Co.* 30 Mo. 160, the proofs of loss were offered and received without objection, and the court instructed the jury that they were not evidence of any of the facts stated in them. The supreme court held this instruction proper, saying that " the affidavit required to be appended to every petition might as well be regarded as proof of the truth of its allegations. The contrary decision of *Moore v. Protection Ins. Co.* 29 Me. 97, seems to have no support in principle or upon authority." This would seem to be sufficient to set this question at rest.

In the absence of all proof of the loss and its amount,

upon the trial, the court should have sustained the motion of the defendant for a nonsuit, and erred also in directing a verdict for the plaintiffs.

*By the Court.*— The judgment is reversed, and the cause remanded for a new trial.