## T. B. MATLOCK AND WIFE v. F. S. GLOVER AND WIFE.

(Case No. 5780.)

1. PARTIES — FRAUD.— In a suit to recover a sum of money specified in notes signed by the wife alone, it was alleged by the plaintiff that they were made, or agreed to be made, by husband and wife, to secure purchase money for land sold, and had been transferred by the plaintiff to a third party, for whose use, as per agreement with him when the transfer of the notes was made, suit was to be brought by plaintiff. It was charged that the failure of the husband to join in the notes was fraudulent, and prayer was made for enforcement, on the land conveyed, of the payment intended to be secured by the notes, by foreclosing the lien. *Held*, that since the petition did not disclose that the party to whom the notes was transferred had any other interest in the suit than as transferee of the notes, the suit could be maintained by the vendor of the land, and a judgment rendered in his favor, foreclosing the lien on the land, without regard to the party for whose use the suit was originally brought.

2. EVIDENCE.— Evidence, when once admitted, though not the best evidence of which the matter to be proved is susceptible, yet if competent and not objected to at the time, will not be afterwards excluded when the pleadings fully advise both parties of the nature of the evidence on which the party must rely.

3. COMPARISON OF HANDWRITING.— When the genuiness of a paper writing is controverted, the introduction of other writings of the party who is claimed to have executed the paper, introduced for the purpose of enabling the jury to make a comparison of handwriting, and to observe the identity of incorrect spelling, is not permissible.

4. HUSBAND AND WIFE — EQUITY — VENDOR'S LIEN.— The husband and wife, negotiating for the purchase of land, made a cash payment thereon, and agreed with the vendor that the wife alone should execute a promissory note for the deferred payment, all parties being ignorant of the fact that the husband should have signed it. *Held*, that in a suit to enforce the payment of the amount which should have been evidenced by the wife's note, and for this purpose to foreclose a lien on the land for unpaid purchase money, a court of equity would afford relief, and decree the sale of the land.

APPEAL from Tarrant. Tried below before the Hon. A. J. Hood.

The first amended original petition of appellees in this cause was filed on the 17th day of August, 1882, and took the place of the original petition filed May 4, 1882. It begins as follows: "The petition of F. S. Glover and his wife, Nannie J. Glover, . . . who sue for the use of R. A. Morris, . . . and to whom plaintiffs sold, and on the 31st day of December, 1879, transferred the notes hereinafter mentioned and described, with the agreement and conditioned that if payment of said notes and claims had to be enforced by suit in court, that said suit should be instituted in the names of F. S. Glover and Nannie J. Glover as plaintiffs, for the use of R. A. Morris."

The petition contained two counts. The first sets forth that Miriam D. Matlock, wife of T. B. Matlock, on the 26th day of July, 1879, by the consent, advice and direction of said T. B. Matlock, made her certain two promissory notes in favor of Nannie J. Glover or bearer, each for the sum of $200, one to become due January 1, 1881, the other January 1, 1882, which notes were copied into the petition and drew ten per cent. interest, and expressed on their face that they were given for certain land, and purported to have been signed by Miriam D. Matlock alone. It was alleged that both of the defendants were liable on the notes, and that they were given for part of the purchase money on two small tracts of land in Tarrant county, which were described. A vendor's lien on the land was claimed, and judgment asked against both of the defendants for a foreclosure of the lien and for general relief.

The second count set up substantially that Nannie J. Glover was seized and possessed in her own separate right of the two tracts of land which had been described in the first count; that she and her husband sold said land to defendants for $800, four hundred to be paid in cash, and two hundred to be paid January 1, 1881, with ten per cent. interest from July 26, 1879, and two hundred January 1, 1882, with like interest from same time, which sums of money were to be evidenced by two promissory notes to be executed by defendants to plaintiffs, secured by vendor's lien; that said F. S. Glover and wife conveyed said lands to Miriam D. Matlock by deed, a copy of which deed was set forth as an exhibit; that defendant paid the cash payment of $400, but fraudulently failed and refused to deliver to plaintiffs the two promissory notes for the balance, of $400; that said notes were to be executed and sent by mail to Linden, Cass county, Texas, to plaintiffs; that some time afterward they received two notes through the mail, signed by Miriam D. Matlock alone; that at first they supposed said notes were binding, but more recently learned a married woman's note would not be enforced; that defendants were fraudulently claiming that said notes were forgeries; that the deed and notes were drawn by defendants, or by their procurement, and that plaintiffs, neither of them, had any agency in drawing said deed or said notes, or any other paper connected with the transaction; that because said notes were not such instruments as defendants had agreed to execute and deliver, being signed alone by Miriam D. Matlock, the wife, were a fraud on plaintiffs' rights, and being without remedy on said notes, they alleged the sale of the land, making the deed and placing defendants in possession of the land; that there was still $400 due and unpaid on the land — $200

due January 1, 1881, and $200 due January 1, 1882, with ten per cent. interest on each from July 26, 1879,— and also claiming a vendor's lien. There was a further allegation proposing to take the land back and refund the money paid.

Answer, a general demurrer to the said amended petition, and a special demurrer to the second count therein, a general denial and a special plea of *non est factum* as to the two notes set forth in plaintiffs' amended petition, verified by both of the defendants. The court sustained the general demurrer to the first count in the amended petition, and overruled the demurrers to the second count therein, to which defendants excepted.

The court did not recognize that R. A. Morris was any party to the action, and in his charge instructed the jury, "This is a suit, as it now stands, by plaintiffs F. S. Glover and his wife, Nannie J. Glover, against defendants T. B. Matlock and his wife, Miriam Matlock."

Verdict in favor of F. S. Glover and wife against T. B. Matlock and wife for $535.91, also finding that it was for purchase money on the land described in plaintiffs' petition. Judgment was rendered in favor of said F. S. Glover and wife against both of the defendants for that sum with foreclosure of vendor's lien. R. A. Morris was in no way named in the judgment.

*J. Y. Hogsett*, for appellants.

That there was error in overruling the demurrer to the petition, he cited: McFadin v. MacGreal, 25 Tex., 73; Allen v. Pannell, 51 Tex., 168; Heard v. Lockett, 20 Tex., 162.

On error in refusing to strike out parol evidence as to the written contract, he cited: Sims v. Chance, 7 Tex., 567; Dikes v. Miller, 24 Tex., 422; Pointer v. Flash, Lewis & Co., 1 Tex. L. Rev., p. 319; Lynch v. Elkes, 21 Tex., 229.

That no recovery could be had until the notes were returned, he cited: Booth v. Powers, 56 N. Y., 22; Wait's A. and D., vol. 6, p. 485; id., 494, and authorities cited.

That no recovery could be had except on the contract, he cited: 1 Greenl. Ev., §§ 64, 66 and 68; Gammage v. Alexander, 14 Tex., 418; Sayles & Bassett, Pl. and Pr., § 8, and authorities cited.

That no recovery could be had, unless the written contract was produced or accounted for, he cited: Wait's A. and D., vol. 6, p. 485; Powers v. Booth, 56 N. Y., 22; Meyer v. Huneke, 55 N. Y., 412; Hunt v. Gray, 35 N. J., 227: Citizens' Nat. Bank v. Richmond, 121 Mass., 110.

*Wm. G. Horsely,* for appellees.

That the appellees were entitled to maintain the action, he cited: Wimbish v. Holt, 26 Tex., 673; Ogden v. Slade, 1 Tex., 13; Thompson v. Cartwright, 1 Tex., 87; McMillan v. Croft, 2 Tex., 397; Smith v. Clopton, 4 Tex., 109; Andrews v. Hoxie, 5 Tex., 183; Butler v. Robertson, 11 Tex., 143; Jackson v. Elliott, 49 Tex., 69; Allen v. Pannell, 51 Tex., 165; Brown v. Chenoworth, 51 Tex., 469.

WALKER, P. J. COM. APP.— The first ground assigned as error is that the court erred in overruling defendants' demurrers to plaintiffs' petition.

It is urged as a proposition to support this assigned error, that, where a suit is brought in the name of one person for the use of another, the person for whose use the action is brought is the real party to the action, and the one in whose name it is brought is only a nominal party, and the pleading must show a right of action in favor of the real party or it will be subject to a general demurrer; citing McFadin v. MacGreal, 25 Tex., 73; Allen v. Pannell, 51 Tex., 168; Heard v. Lockett, 20 Tex., 162.

The first count of the petition shows a beneficial interest of R. A. Morris in the notes therein described, but the second count is predicated on the assumption that the notes mentioned in the first count were worthless and not binding on the maker of them, and also that the defendants repudiated their genuineness. Under the second count the plaintiffs sued for the unpaid purchase money as upon an account, virtually claiming in the alternative, if the notes were invalid or were not executed by the defendants, that they recover the amount due, irrespective of their allegations concerning the delivery to them of the supposed notes. The plaintiffs' petition does not allege that Morris had any other interest in the subject-matter of this suit than as the transferee of the notes. The defendants' demurrer having been sustained as to the first count, there is not apparent to us any reason why Glover and his wife may not recover in their own names upon the second count; or, if they saw proper to do so, prosecute the case and recover against the defendants for the use of R. A. Morris. Notwithstanding the petition premised with the statement that the suit was brought for the use of Morris, it may be inferred from the connection in which it was made that the agreement between Glover and wife and Morris to sue in the names of the former for the use of the latter had respect to a suit based on the notes which had been transferred to Morris, and not necessarily extending to a right of suit by Glover and wife

for the money in case the suit could not be maintained on the notes. At any rate, as has been seen, the petition does not show that Morris had any other interest than that which the petition admits he had by virtue of the transfer of the notes. The right to recover under the second count is shown to be in Glover and wife alone, both in law and equity, so far as allegations are concerned showing the interests of Glover and wife and of Morris respectively. In such state of case Glover and wife might recover in their own names, or for the use of Morris, and the defendants are not shown to have been in a situation to object to either course. See Wimbish v. Holt, 26 Tex., 675; Thompson v. Cartwright, 1 Tex., 87; McMillan v. Croft, 2 Tex., 397; Knight v. Holloman, 6 Tex., 153; Butler v. Robertson, 11 Tex., 142; Andrews v. Hoxie, 5 Tex., 183; Jackson v. Elliott, 49 Tex., 69; Brown v. Chenoworth, 51 Tex., 476; Allen v. Pannell, 51 Tex., 168.

Bill of exceptions No. 1 shows that at the close of F. S. Glover's testimony, defendants (appellants) moved to strike out and exclude from the jury all of his testimony concerning the payments claimed to be still unpaid on the tracts of land, because it appeared from the testimony of said witness that there was better evidence of the amounts and times of said payments, to wit, two promissory notes executed by Miriam D. Matlock; which motion was overruled, the court holding that, being the notes of a married woman, they were absolute nullities.

This action of the court is assigned as error. It does not appear that any objection was made to the evidence when it was introduced which the defendants subsequently moved to exclude. The evidence, if not the best which might have been offered, was nevertheless competent evidence, and admissible unless objected to at the time when it was offered. Hunter v. Waite, 11 Tex., 85. It is true, as held in Sims v. Chance, 7 Tex., 561, that if it transpire in the course of a trial that the contract which is the subject of controversy is in writing, it is proper to move the court to exclude from the consideration of the jury any parol evidence of such contract, and to instruct the jury to disregard it. And, also, where a witness discloses that there is evidence of a higher degree concerning the fact about which he is testifying, his testimony should not be received to establish it. Cotton v. Campbell, 3 Tex., 493. The exclusion of the evidence, in such cases, presupposes that the party against whom it has been offered has not consented to its introduction, nor waived his right to object to it whenever it appears that better evidence exists. In this case the pleadings fully apprised both parties

of the nature of the evidence on which the plaintiffs must rely, and the defendants, by their plea of *non est factum*, denied the genuineness of the notes which the plaintiffs alleged they held as evidence of written promise to pay the money sued for. Under these circumstances, if the plaintiffs introduced parol evidence of the terms of the contract without objection, we think the court properly refused to exclude it. The notes which the plaintiffs claimed to have been made and delivered to them were placed in the hands of the witness Glover, who identified them and referred to them in connection with his statement of the entire transaction, and it was entirely competent for the defendants to have had the benefit of having their contents read to the jury if they had desired to do so.

It is not necessary to determine whether the reason assigned by the court for its action was correct or not; we are of opinion that the court properly refused to exclude the evidence for the reasons we have given, based upon the general principles applicable to the subject under the pleadings in the case. In this connection, it may be remarked, however, that if, as alleged in plaintiffs' petition, it was agreed that both T. B. Matlock and his wife should make to the plaintiffs the notes for the unpaid purchase money, and that the wife only executed the notes, they would not necessarily constitute evidence of the contract on which the plaintiffs would primarily have to depend, and be required to produce, or account for its absence, before introducing secondary evidence of the contents. If such was the agreement, and the plaintiffs refused to accept the notes as a compliance with their contract, they could not be deemed such written evidences of it as would require the plaintiffs to use them or recognize them as evidence in their behalf. If, on the other hand, they saw proper to accept the notes as a compliance with the contract, or as furnishing a correct statement of the terms agreed on in respect to the unpaid purchase money, in such case the notes might be the best evidence, and ordinarily would have to be produced, or their absence accounted for.

The court did not err in refusing to admit the four letters of the plaintiff Glover, for the purpose of allowing the jury to compare the handwriting and spelling of words that were incorrectly spelled in the letters, with the handwriting and spelling in the notes copied in plaintiffs' petition. The objection made by the plaintiffs' counsel was that the evidence offered was irrelevant and immaterial, and was, we think, well taken.

As the notes were given by Mrs. Miriam Matlock, a married woman, they could afford no ground of a recovery by the plaintiffs;

the first count declaring on them was no longer before the court, and to the second count the only available answer in the case was a general denial.   Under that issue, if it were admitted that Glover himself had forged the notes, it is not perceived that the legal effect would be varied, as the defendants do not plead that they ever made and delivered any other notes to the plaintiffs in the stead of those referred to in plaintiffs' petition.   The notes described in the petition and introduced in evidence were notes which purported to have been signed by Mrs. Matlock alone, and whether they were genuine or not, it resulted that the plaintiffs could not recover on them, and also that the defendants could not successfully resist the payment of the purchase money due to the plaintiffs.   Consequently the evidence was irrelevant to the true issue in the case.

The defendants asked six several instructions to be given to the jury, which were refused, and the refusal to give them is assigned as error.   It is not deemed necessary to enter upon a discussion of their merits in detail; it is sufficient, we think, to say that they were not properly applicable to the state of case presented under the pleadings and evidence, and that there was no error in refusing to give them for which the judgment ought to be reversed.

We will, however, notice the third of those instructions, as it seems to present a view which at first blush appears to be tenable and supported by elementary principles.   The instruction referred to is as follows:

" The jury are instructed that the plaintiffs allege a sale of two certain tracts of land to the defendants and a conveyance to them by plaintiffs, and that defendants agreed to pay a price stated for the land; part of which was to be paid down at the time, and two other sums to be paid at a future day by the defendants; and that defendants were to execute notes evidencing the deferred payments, which they failed and refused to do.   The plaintiffs must prove their case as alleged by them in order to recover, and if you believe from the evidence that the land mentioned was sold and conveyed to only one of the defendants, and that the notes were to be executed by only one of the defendants, or that only one of the defendants promised or agreed to pay the deferred payment, you will find for the defendants."

The evidence showed that T. B. Matlock negotiated the transaction with Glover in regard to the sale, and that he intended that the title to the land should be in his wife, and that he probably expected it would be paid for, mainly, at least, with separate means of his wife.   Glover testified, too, that the notes were to be signed

by Mrs. Matlock, and that her husband was not to sign them. Matlock, however, said he had some stock horses and mules that he would like to put into the trade. It was under these circumstances that the terms of the trade were made, according to Glover's testimony. Both parties to it must have contemplated that the purchase money notes thus provided to be given would be valid and binding notes. They could only have been so by the joinder in them of T. B. Matlock as maker, with his wife. The payment of $400 down at the time of the transaction was to be made in money and stock. Glover stated that he received $400 from Matlock, part of which, about $100, it seems belonged to Mrs. Matlock; the balance was in stock and money, which it would seem was community property. Under these facts it cannot be regarded as a contract of sale made with Mrs. Matlock alone, and to have given the instruction asked would have been misleading to the jury. The transaction was, in effect, a purchase of the land by T. B. Matlock, upon the particular conditions which have been specified above, but they are not of a character to disconnect the husband from the transaction in such way as to render it a contract made by the wife, or for her benefit, or with her means, and to make the charge asked to be given appropriate to the case. The petition alleges, in legal effect, that the defendants, T. B. Matlock and his wife, Miriam Matlock, purchased the lands in question, and it states that the contract of sale was made by F. S. Glover in behalf of his wife (the land sold being her separate property) with the defendants.

The petition alleges that, as a part of the contract, the defendants were to make and deliver to plaintiffs two notes for the unpaid purchase money. The petition alleges that this part of the contract was not strictly complied with, in this, that both defendants did not execute the notes above provided for, but that they were made by one only of the defendants, viz., Mrs. Miriam D. Matlock. The plaintiffs do not elect, under these circumstances, to cancel or annul the contract, but seek for a specific enforcement of it, and in doing so in this action, if the evidence showed, as propounded in the instruction asked to be given, that the land mentioned was conveyed to only one of the defendants, and that the notes were to be executed by only one of the defendants, or that only one of the defendants promised or agreed to pay the deferred payment, such facts would not be inconsistent and repugnant to the cause of action as stated in the second count of the petition, and would not, therefore, debar the plaintiffs from a recovery. It would be sufficient that the parties had agreed for the sale of the land on the terms established

by the evidence; that the whole contract, as agreed to, evidenced that the contemplated notes should be valid obligations, binding at least as evidencing a vendor's lien on the land, and when the notes proved to be valueless for any such purpose (supposing them to have been executed and delivered in conformity to the agreement of the parties), it is evident, we think, that upon those facts a court of equity would enforce the contract as it was intended by the parties, and decree the land subject to the payment of the unpaid purchase money.

· The appellants' counsel insist in support of this instruction upon the well established rule that the *allegata* and *probata* must correspond, and in its application to this case the plaintiffs must be held, to entitle them to recover, to prove that both defendants were to execute the notes, and, the evidence showing otherwise, that such failure is fatal to a recovery. The rule that is invoked is not to be questioned, but we do not regard it as applicable to the facts in this case.

The gist of the plaintiffs' right to recover on the second count of the petition rested on the fact that the defendants failed to give them an obligation for the purchase money which could, as such, be enforced, and it was immaterial whether the defendants agreed to gives the notes jointly as alleged, or whether, as proved, Mrs. Matlock alone was to be bound in the notes. The allegation in the petition, therefore, that both defendants were to give the notes, was not a material issuable fact, for if it had been alleged that Mrs. Matlock alone was to have given the notes, and it was proved that she did so give them, the plaintiffs' cause of action would still have prevailed. See Kottwitz v. Bagby, 16 Tex., 656, 661.

There are many other grounds assigned as error; all of which we have sufficiently considered, but do not deem it essential to discuss, for various reasons. Some of them we would determine against the appellants on questions arising under the rules of the supreme court; others because they are well settled upon authority, and need not occupy time in reiteration of what has been often decided, and so on. We find no error in the record under any of the assignments presented in the brief of appellants' counsel for which the judgment ought to be reversed, and we conclude for its affirmance.

AFFIRMED.

[Opinion adopted January 16, 1885.]