J. BILLINGTON v. J. S. HAMMOND AND WIFE.

(No. 5224.)

APPEAL from Dallas County. Opinion by WHITE, P. J.

GEO. H. PLOWMAN, counsel for appellant.

No counsel appeared for appellees.

§ **295.** *Husband liable upon note executed by wife, when; petition in such case held sufficient.* Appellant sued appellees to recover the amounts of certain notes, and to foreclose a mortgage given to secure said notes. The cause of action is set forth in the petition, which contains three counts, in substance as follows: The first count, in substance, avers that on the 11th of February, 1884, plaintiff and Jno. S. Hammond agreed that plaintiff would sell said defendant Hammond what he needed, and that defendant would pay therefor one-third cash, and would secure balance of purchase money by mortgage or lien on furniture bought, and that plaintiff was to let Marie I. Hammond, wife of defendant, select and have what he needed. That defendant might be absent at the time, but that he would secure plaintiff and give him a mortgage on his return, or that Mrs. Hammond would sign and fix up the papers at the time.

That plaintiff, relying on and in accordance with said agreement and in consideration thereof, at the instance of defendant delivered to him, upon said terms, the bill of goods. That Hammond was at the time absent, and the goods were selected by Marie I. Hammond, his wife and agent, who, as his authorized agent, on February 16, 1884, paid on same $127.10, one-third cash, and for balance of purchase money executed to plaintiff, through his said wife and agent, three notes for $84.75 at sixty days, $84.75 at ninety days, and $84.70 at four months after date, each payable to plaintiff or order, and on the 2d of June, 1884, a note for $40 and attorney's fees, all said notes being secured by mortgages. That said notes and mortgages were signed "Marie I. Hammond," who was his authorized agent, but were in fact the notes and mortgages of defendant Hammond. That defendant Hammond is insolvent, and that Marie I. Hammond claims the furniture adverse to plaintiff's lien, and plaintiff prays for judgment against Jno. S. Hammond for plaintiff's debt, and foreclosure of mortgages on the property, as against him and Marie I. Hammond.

Plaintiff in second count alleges the facts set forth in first count, and that plaintiff, confiding and relying on the promises, and in consideration of the agreement of defendant, sold him the said goods itemized in first count, and that said goods were reasonably necessary and proper for the said Marie I. Hammond, and were selected by her in his absence, and were reasonably worth the sums respectively charged therefor in the items of account, and prays for judgment for his debt, etc., and foreclosure of his legal and equitable mortgages and liens on the said goods.

Count third of plaintiff's petition sets forth all the facts in the first and second counts, and that on the 8th of October, 1884, and at divers other times, with full knowledge of all the facts, Jno. S. Hammond fully ratified and confirmed the acts, purchases, promises and executions of the notes and mortgages executed in the name of Marie I. Hammond, and delivered to plaintiff, and that defendant Hammond promised to pay said notes, and has acquiesced in, approved, confirmed and ratified the purchase of said goods and the execution of said notes and mortgages, by means of which the goods were obtained and are retained by defendant, and that by reason thereof the plaintiff has a lien on said goods for the balance of the purchase money due thereon.

Appellees demurred generally to the petition and also excepted specially thereto. The general demurrer and special exceptions were sustained, and the suit dismissed. *Held* error. The petition shows a good cause of action against both appellees, and is not obnoxious to special exceptions. "In any case where the husband clearly authorizes his wife to draw or indorse bills or notes on his account and sign her name, and she does so, he will be regarded as intending thereby to bind himself, and will be so held. And if, after the wife has signed her name, the husband promises to pay the bill or note, or otherwise ratifies the wife's act, it will be presumed that she had authority from him, and he will be estopped

to deny it.  Thus, where a bill was addressed to 'William Bradwell' and was accepted by 'Mary Bradwell,' his wife, who wrote her name across it, and William Bradwell, after its dishonor, promised to pay it very shortly, it was held that it was William Bradwell's acceptance." [1 Dan'l, Neg. Inst. § 252.]    A married woman may be the agent of her husband.  Marriage does not incapacitate her from acting as such agent.  [Id. § 253.]  If, whilst acting as such agent, she execute a note in her own name instead of her husband's, this does not render the note absolutely void.  The original payee may hold the husband liable upon such note by showing that the wife executed the same as agent for her husband, or that after its execution he had ratified the act of his wife.  [Matlock v. Glover, 63 Tex. 231.]

May 11, 1887.    .    Reversed and remanded.