SAN ANTONIO & A. P. RY. CO. v. BRACHT.

(Court of Civil Appeals of Texas. San Antonio. Jan. 14, 1914. Rehearing Denied Feb. 11, 1914.)

1. CARRIERS (§ 20*) — OVERCHARGE — ACTION FOR PENALTY—GENERAL DEMURRER.

A petition, in an action against a railroad company by a shipper to recover the penalty for an overcharge, though subject to special exception for failing to state that the charges were in excess of the rate fixed by the Railroad Commission, was not open to attack by general demurrer, since, every reasonable intendment being in favor of the pleading, and as it stated, though imperfectly, a cause of action for an overcharge, it would be read into the petition that the charge was greater than that fixed by the Commission.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 33–49, 133, 927; Dec. Dig. § 20.*]

2. TRIAL (§ 105*)—OVERCHARGE—ACTION FOR PENALTY—EVIDENCE—FAILURE TO OBJECT.

Where, in an action against a railroad for the penalty for an overcharge, plaintiff was permitted to testify without objection that defendant's agent told him that $35 was the highest rate permitted by the Railroad Commission, the evidence was sufficient to establish the fact of the rates fixed by the Commission, though not the best evidence thereof.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 260–266; Dec. Dig. § 105.*]

3. CARRIERS (§ 20*)—ACTION FOR PENALTY.

In an action against a railroad company for the penalty for an overcharge, it was no defense that the shipper did not pay the charges at the point of shipment, but at another station.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 33–49, 133, 927; Dec. Dig. § 20.*]

4. CARRIERS (§ 20*) — OVERCHARGE — ACTION FOR PENALTY.

Under Rev. Civ. St. 1911, art. 6671, providing that a railroad may plead as a defense to an action for the penalty for an overcharge that such overcharge was made through a mistake, the burden is upon the railroad company to prove such mistake.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 33–49, 133, 927; Dec. Dig. § 20.*]

Appeal from Aransas County Court; Roy Jackson, Judge.

Action by A. L. Bracht against the San Antonio & Aransas Pass Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

McDonald, Kleberg & Stayton, of Corpus Christi, and E. Gordon Gibson, of Rockport, for appellant. E. A. Stevens and W. H. Baldwin, both of Rockport, for appellee.

FLY, C. J. This is a suit for damages against appellant, alleged to have accrued by delay of a car load of vegetables, shipped

---

from Ingleside, Tex., to Waco, over the line of appellant, and further to recover for an overcharge on icing the car and a penalty of $250 for such overcharge. The cause was tried by the court without a jury, and judgment was rendered in favor of appellee for an overcharge of $30 and a penalty of $250.

It was alleged in the petition, as to the overcharge and penalty, as follows: "Plaintiff further alleges that he paid defendant all charges, both for freight and icing said car, before the same left Gregory, Tex.; that defendant wrongfully and knowingly required plaintiff to pay to it the sum of $35 for icing said car when it reached Waco; that plaintiff paid to defendant, under protest, at Waco, the sum of $35 claimed by defendant as an icing charge; that said charge of $35 by defendant against plaintiff for icing was a double charge for said icing service, and was extortion by defendant, against plaintiff, whereby plaintiff was damaged by defendant in the sum of $35 actual damages for money actually paid defendant, and plaintiff was further damaged by defendant in the sum of $250 by reason of said unlawful overcharge and extortion as aforesaid." The $250 was claimed as a penalty by appellee.

[1] No special exception was urged to the allegations in the petition as to the overcharge and penalty. The petition was subject to special exception in not alleging that the charges made were in excess of the legal rate fixed by the Railroad Commission, but it was not open to attack by general demurrer. When attacked by a general demurrer, every reasonable intendment is indulged in favor of a pleading. A general demurrer will not reach mere formal defects when a cause of action or defense is stated, however imperfectly it may be done. The petition in this case, under the application of the foregoing rules, stated a cause of action for overcharge and the resulting penalty. It will be read into the petition that the charge was greater than that fixed and established by the Railroad Commission.

[2] Appellee testified, without objection, that an agent of appellant at Rockport told him that the sum of $35 was the highest rate permitted by the "Railroad Commission." The evidence may not have been the best obtainable, but it was sufficient when admitted without objection. If appellant did not wish the fact that a certain rate had been fixed for transporting the goods to be proved by such evidence, it should then and there have interposed an objection. Matlock v. Glover, 63 Tex. 231; Mensing v. Cardwell, 33 Tex. Civ. App. 16, 75 S. W. 347.

[3] The evidence was sufficient to show that the charge for icing the car was paid by appellee to the agent of appellant at Rockport, although shipped from Ingleside. It is not pretended that appellant did not get the money, and it would be quibbling to say that the money should have been paid to the agent at Gregory, and that appellant should be excused because it received the money through the Rockport agent. It did not deny receiving the money, and made no objection to evidence showing that the agent at Rockport had been instructed by the agent at Gregory to collect the $35 from appellee. There was no agent at Ingleside, the station from which the car load of vegetables started on its journey.

[4] The $35 paid to the agent at Rockport was for refrigerating the car, and $30 was collected at Waco for the same refrigeration. The car was not iced again at Waco. The burden rested on appellant to show that the money was collected at Waco by mistake. The law states in plain terms that "such road may plead and prove as a defense to the action for said penalty that such overcharge was unintentionally and innocently made through a mistake of fact." Article 6671, Rev. Stats. 1911.

The judgment is affirmed.