## LUSE v. ROGERS et al.

### No. 14343.

Court of Civil Appeals of Texas.
Fort Worth.
March 6, 1942.

Callaway, Wade & Davis, of Fort Worth, for appellant.

Martin, Moore & Brewster, of Fort Worth, for appellees.

McDONALD, Chief Justice.

Otis Rogers and Joe Spurlock, attorneys at law, brought this suit to recover for legal services alleged to have been rendered the defendant, A. F. Luse, in connection with certain criminal complaints filed against Luse. Judgment was rendered upon the verdict of the jury in favor of plaintiffs, from which defendant Luse has appealed.

The effect of the testimony of Mr. Rogers, and of two other attorneys who testified concerning the amount of fee which would be reasonable for the work done, was that plaintiffs were entitled to charge a greater fee in a situation where the client had previously been twice convicted of felonies in the federal courts. The contention of appellant here is that the plaintiffs failed, in connection with the testimony just mentioned, to prove that appellant had been convicted of the felonies in the federal courts.

The sole point upon which appellant's appeal is predicated, as set out in his brief, reads as follows: "The only point in this case is whether or not the Court erred in letting certain evidence go to the jury, in substance and effect that in fixing a reasonable fee for handling criminal cases it was proper to take into consideration previous felony convictions of the party, there being, as appellant contends, no evidence introduced showing any previous felony convictions of appellant."

The following excerpts taken from appellant's brief reflect his own analysis of the question presented:

"A determination of the only question involved in this appeal requires simply an analysis of the testimony of plaintiff, Otis Rogers, for the purpose of ascertaining whether or not he gave any real evidence to the effect that Luse had previously been convicted of a felony."

"We are not here concerned with the best evidence rule. We are likewise not concerned with circumstantial evidence or with the question of whether or not it can be inferred from facts introduced in evidence that Luse had been previously convicted of felonies, for no one would contend that because Mr. Rogers testified that he fixed his fee on the assumption that Mr. Luse had previously been convicted of felonies, it could be inferred that he had, in fact, been so convicted. Mr. Rogers either did or he did not give testimony to the effect that Luse had been previously convicted of felonies."

The following, taken from the testimony of Mr. Rogers, contained in the statement of facts, shows all of the testimony in the record pertaining to the prior federal court convictions, and also shows the objections made by appellant to the testimony given:

"Q. In other words, in just a few words a previous record of conviction adds a lot to the work and to the responsibility both. Is that right? A. That is right.

"Q. Now, in this case in testifying that $3,000 is the minimum reasonable fee, did you take into consideration any previous record of Mr. Luse in this case so far as convictions were concerned? A. I did.

"Mr. Wade: We object to that question on the ground it is irrelevant and immaterial to any issue in this case.

"The Court: Overrule the objection.

"Mr. Wade: Note our exception.

"By Mr. Brewster:

"Q. What convictions, if any, did you take into consideration in fixing the fee to be $3,000?

"Mr. Wade: We object to that for the same reasons.

"The Court: I overrule the objection.

"Mr. Wade: Note our exception.

"A. I took into consideration in fixing that fee a conviction in the United States District Court for the Northern District of Texas, at Fort Worth, and a conviction in the United States District Court in Los Angeles, California.

"By Mr. Brewster:

"Q. Now, you said you took into consideration convictions in those Federal Courts. Were those convictions for misdemeanors or for felonies? A. Felonies.

"Mr. Wade: We make the same objection.

"The Court: Same ruling.

"Mr. Wade: Note our exception.

"By Mr. Brewster:

"Q. And were they prior to the time-- were they had prior to the time that he was charged with these matters out in Odessa? A. They were.

"Mr. Wade: Same objection.

"The Court: Same ruling.

"Mr. Wade: Same exception.

"By Mr. Brewster:

"Q. Prior to the dates alleged in the indictment on which he was supposed to have committed those offenses out there? A. That is correct."

The question is whether Mr. Rogers testified, as a fact, that Luse had been convicted twice in the federal courts, or whether, in effect, he merely testified that he took into consideration, in fixing his fee, two convictions which he assumed had taken place.

It will be observed that defendant did not object to the testimony on the ground that it was not the best evidence of the convictions. And, as stated above, he seeks a reversal not on the ground of inadmissibility of the evidence, but solely on the ground of the insufficiency of the testimony to prove the convictions.

 "A party loses the right to demand the best evidence by permitting the introduction of secondary evidence without objection, and secondary evidence admitted without objection, when competent, may be considered in passing upon the sufficiency of the evidence to prove a fact or sustain a judgment." 17 Tex.Jur. 497.

 It appears to us that Mr. Rogers testified that there had in fact been two convictions, for felonies as distinguished from misdemeanors, one in the United States District Court for the Northern District of Texas at Fort Worth, and one in the United States District Court in Los Angeles, California, both prior to the date of the complaints involved in the present case. Neither the defendant Luse, nor any one for him, undertook to disprove the fact of such federal court convictions. Especially in the absence of any testimony to the contrary, we believe that it can reasonably be inferred from Mr. Rogers' testimony that the two prior convictions had taken place.

The judgment of the trial court is affirmed.