ROBERT HENRY JAMES v. STATE

No. 32,431. November 23, 1960

Appellant's Motion for Rehearing Overruled January 11, 1961

*Tom Sanders* and *Joe J. Newman,* Houston for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, Carol S. Vance,* Assistants District Attorney, *Houston* and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is murder; the punishment, twelve years.

Following several hours of drinking beer, some dancing, and an automobile trip, the appellant and his woman companion, the deceased, and another couple, about 2 A.M. stopped appellant's car and the other couple entered another car and the appellant and his companion drove away. Shortly thereafter, a woman was seen walking on the right shoulder of the road with a car being driven to her left and behind her. Then the racing of a motor followed by the sound of an impact and the "squealing of tires" was heard. In a brief time, a nearby resident went to the scene where he saw a woman in the ditch and when he asked a man who was standing there what happened, he replied, "I did it." An ambulance driver testified that he arrived at the scene at about the same time as the police officers and that he heard an officer ask appellant what happened "and he (appellant) just said that he just got mad at this girl and bumped her with his car." The attendant who rode with the deceased to the hospital testified that the deceased stated during the trip that "He hit me deliberately."

Proof was offered showing that a crushed chest, pelvis, and abdomen were the cause of the death of the deceased.

Appellant's testimony in his own behalf does not vary materially from that of the state until after he and the deceased left the other couple at their car. When appellant insisted on going home instead of to a place the deceased wanted to go, she got mad and asked to get out which she did. Upon watching the deceased, who was intoxicated, stagger along the road, appellant asked her to get back in the car but she refused. Then appellant said that as he turned from watching traffic he saw her jump or fall in front of his car which struck her and knocked her into

the ditch, but that he did not intentionally strike her with the car.

Several reputation witnesses were called by the appellant.

Appellant contends that the court erred in permitting Ruby Christie, the attendant in an ambulance, to relate while testifying the statements made by the deceased while she was being carried to a hospital over his objection that such statements were not res gestae.

The deceased was struck by the car about 2 A.M. The officers and the ambulance arrived at the scene at approximately 2:45 or 2:55 A.M., and it took from 5 to 10 minutes to place the deceased in the ambulance. Officer Mauldin, a state's witness, testified that the deceased at the scene did not respond to questions, and Deputy Sheriff Cleboski, called by appellant, testified that he was at the scene before the ambulance arrived and when it left and that the deceased was unconscious during all that time. The appellant, while testifying, stated that the deceased was unconscious until placed in the ambulance. Three persons were in the ambulance on the trip of 12 to 15 minutes to the hospital. They were A. D. Christie, the driver, and Ruby Christie who attended the deceased on the trip. Ruby Christie testified that the deceased was conscious during the trip to the hospital and was suffering severe pain all the time and said many times that she did not want to die; that about three minutes after the ambulance left the scene and to divert the deceased's mind from her condition, she asked her if she was thrown from the car and the deceased replied, "No, he ran me down deliberately." This question was repeated. She further testified that she said " 'Well, you are going to be all right, and then, of course, she continued to say, 'I don't want to die' and 'He hit me deliberately' ", and which she repeatedly said after Mrs. Christie quit saying anything to her. The deceased died within a short time after she arrived at the hospital.

The statements of the deceased immediately after she regained consciousness were admissible. 18 Tex. Jur. 324, sec. 199; 1 McCormick & Ray, 695, sec. 917; Franks v. State, 139 Tex. Cr. Rep. 42, 138 SW2d 109. The deceased was undergoing extreme physical suffering; her back, chest, pelvis, and abdomen had been seriously damaged and she was in such a critical condition as to be incapable of calm reflection, and died from such injuries shortly after the statements were made. It is concluded that all these facts and circumstances bring the statements within the

rule of res gestae. 1 Branch 2d 117, sec. 105; 18 Tex. Jur. 305, sec. 190; Hobbs v. State, 55 Tex. Cr. Rep. 299, 117 S. W. 811; Autrey v. State, 143 Tex. Cr. Rep. 252, 159 S.W. 2d 924.

Appellant complains of the court permitting the witness A. D. Christie to testify that when an officer asked the appellant what happened the appellant "Just said that he just got mad at this girl and bumped her with the car" over his objection that he was under arrest.

The witness Christie testified that he and the officers arrived at the scene about the same time and an officer then asked the appellant what had happened and he replied as quoted above. An examination of the record does not show that the appellant was under arrest at the time he made said statement, hence no error is shown.

It is insisted that the trial court erred in refusing a motion for mistrial after the state's attorney asked the state's witness Ruby Christie if she had received telephone calls and had been threatened, to which she answered that she had. Following the answer, appellant objected but stated no grounds and did not ask that the question and answer be excluded. The court sustained the "objection" and instructed the jury to disregard what happened, but refused a mistrial. There is no showing that the calls pertained to the deceased, the appellant or the testimony to be given by the witness in the case. In this no error is shown.

Appellant contends that error was committed by the state's attorney when he asked the appellant:

"Did you ever tell anybody that she was just trash and that you'd never be indicted by the Harris County Grand Jury?"

To which the appellant answered: "No, Sir."

Appellant objected on the ground that it was improper and highly inflammatory, and requested the court to instruct the jury not to consider the question. The objection was sustained and the jury instructed as requested. In view of the negative answer and no showing of bad faith in asking the question and the prompt action of the court no error is shown.

The evidence supports the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.