**DRAKE COMPANY, Inc., Appellant,**

v.

**LESIKAR CONSTRUCTION COMPANY,**
Appellee.

**No. 16806.**

Court of Civil Appeals of Texas.

Fort Worth.

March 17, 1967.

Miteff & Williams and Meto Miteff, Fort Worth, for appellant.

Garrett & McGee and William T. McGee, Fort Worth, for appellee.

## OPINION

RENFRO, Justice.

Appeal from County Court at Law of Tarrant County.

It was alleged by the plaintiff, appellee herein, L. W. Lesikar, that he entered into a written contract with Drake Company, Inc., appellant herein, wherein appellant agreed to furnish all labor, materials, equipment and services necessary for the completion of all plumbing, heating, ventilating, air-conditioning and electrical work complete, in accordance with plans and specifications for the construction of a Sisters Residence at St. Andrews Parish in the City of Fort Worth; under terms of defendant's subcontract it became obligated to service and maintain heating, ventilating and air-conditioning equipment for a one year period; defendant refused to perform such maintenance services, to plaintiff's damage in the sum of $285.00.

Defendant filed a general denial.

At the conclusion of a non-jury trial, the court rendered judgment for plaintiff in the sum of $285.00.

Defendant argues the trial court erred in (1) allowing the contents of a written contract between the parties to be proved by parol evidence, and (2) giving judgment based on a breach of warranty in the written contract when the plans and specifications containing the warranty were not in evidence.

The primary contract between the parties was introduced in evidence.

Plaintiff testified, without objection, to the provisions of the warranty contained in the plans and specifications.

Later in the trial a copy of the warranty was read into evidence over defendant's objection that the copy was not the best evidence. Apparently plaintiff satisfactorily explained the absence of the original to the court.

The president of defendant corporation admitted the execution of the contract and admitted the warranty was a part thereof. He did not deny any part of the warranty. In fact, there was no dispute as to any of the contents of the warranty.

■ Defendant relies upon the holding in Wann v. Metropolitan Life Ins. Co., Tex.Com.App., 41 S.W.2d 50, and Equitable Life Assurance Society of U.S. v. Nelson, Tex.Civ.App., 396 S.W.2d 517, to sustain its contention introduction of the plans and specifications was mandatory to sustain recovery for plaintiff.

It is to be noted that the court in the Wann case stated, "The group policy referred to in the certificate and rider was not offered in evidence, *nor was any effort made to prove its contents.*" (Emphasis added.)

In the Equitable case the questions of secondary evidence and waiver were not present.

■ It is a well established rule that even though it appears that the secondary evidence relates to a written document, if it is admitted without objection, or if objected to only upon another and untenable ground, the objection that it is secondary is waived, and the evidence so admitted (being perfectly relevant and only subject to objection under a technical rule of preference) is to be considered on appeal on the same footing as other competent evidence. McCormick and Ray, 2nd Ed., Vol. 2, p. 440, § 1579; 23 Tex.Jur.2d 324, § 211; Aetna Insurance Co. v. Klein, 160 Tex. 61, 325 S.W.2d 376 (Tex.Sup., 1959); State v.

Brown, 257 S.W.2d 796 (Tex.Civ.App., 1953, no writ hist.); Vineyard v. Harvey, 231 S.W.2d 921 (Tex.Civ.App., 1950, writ dism.); Matlock v. Glover, 63 Tex. 231 (1885); Luse v. Rogers, 159 S.W.2d 924 (Tex.Civ.App., 1942, no writ hist.).

The defendant having waived any tenable objections it might have had to the secondary evidence, and there being no other points before us, the judgment is affirmed.

Affirmed.