Carl GRIMES d/b/a Ponderosa Restaurant, Appellant,

v.

PURE MILK & ICE CREAM COMPANY, Appellee.

No. 5484.

Court of Civil Appeals of Texas, Waco.

Sept. 4, 1975.

Rehearing Denied Sept. 25, 1975.

---

1. This cause was docketed as our Cause No. 15422.

Barron & Barron, John M. Barron, Jr., Bryan, for appellant.

Haley, Fulbright, Winniford, Bice & Davis, Paul D. Marable, III, Waco, for appellee.

HALL, Justice.

This is a venue case. The suit was brought in McLennan County on a verified open account for an alleged balance due for merchandise sold to the ·defendant by the plaintiff. The defendant filed his plea of privilege to be sued in Brazos County, the county of his residence. The plaintiff controverted the plea of privilege on the ground that Subd. 5 of Article 1995, Vernon's Ann.Civ.St. permits venue in the county of suit. After a hearing without a jury the trial court overruled the plea of privilege. We affirm.

The pertinent part of Subd. 5 of the venue statute provides that if a defendant has contracted in writing to perform an obligation in a particular county, expressly naming the county or a definite place therein in the writing, then suit upon that obligation may be brought against the defendant in that county.

In two points of error, the defendant asserts (1) there is no evidence of a contract in writing between the parties, and (2) the court erred in receiving secondary evidence of an alleged written agreement absent prior proof excusing direct evidence of the written instrument.

There is no direct evidence of a written agreement between the parties. The only proof relating thereto is the testimony of the plaintiff's controller. The material part of his testimony may be summarized as follows: He is employed in the plaintiff's office in Waco, McLennan County. He supervises and personally handles all accounting functions of the company, including accounts receivable. He is familiar with the defendant's account. The defendant has been the plaintiff's customer since April, 1973. In the usual course of the plaintiff's dealings with a credit account, a route salesman delivers merchandise to the customer, prepares an invoice of the delivery, and has the customer or his representative sign the invoice. The signed invoice is sent to the plaintiff's Waco office for bookkeeping purposes. Monthly, upon the basis of the invoices, the customer is mailed a statement for payment. This was the procedure followed ·with the defendant until the asserted delinquency upon which this suit is based arose. The plaintiff and its customers, including the defendant, have always understood that the accounts were payable at the plaintiff's office in Waco. Initially, this understanding was oral; however, beginning about December, 1973, the invoices have contained the statement that they are "payable in Waco, McLennan

County, Texas." Since that time the defendant has made credit purchases and has continued to send his payments to the plaintiff's office in Waco.

The defendant is right in his contention that a plaintiff is required to prove the written agreement relied upon to invoke the provisions of Subd. 5 of the venue statute. *Thompson v. Republic Acceptance Corporation,* (Tex.Sup., 1965) 388 S.W.2d 404, 405. However, a sales ticket or invoice containing written provisions for payment in a certain county and signed by the buyer is a contract in writing within the meaning of the statute. *Berry v. Pierce Petroleum Corp.,* 120 Tex. 452, 39 S.W.2d 824, 825 (1931); *Drexler v. Bryan Bldg. Products Co.* (Tex.Civ.App.—Waco, 1963, no writ hist.) 374 S.W.2d 806, 807; *Johnson v. Abco Industries, Inc.,* (Tex.Civ.App.—Eastland, 1970, no writ hist.) 460 S.W.2d 957, 959. And, secondary evidence of the contents of a written instrument, admitted without objection, is given probative force by our courts to sustain a judgment if the evidence is otherwise competent. *Long & Berry v. Garnett,* 59 Tex. 229, 232 (1883); *Matlock v. Glover,* 63 Tex. 231, 235 (1885); *Brown v. Lessing,* 70 Tex. 544, 7 S.W. 783, 785 (1888); *Aetna Insurance Company v. Klein,* 160 Tex. 61, 325 S.W.2d 376, 381 (1959); *Drake Company v. Lesikar Construction Company,* (Tex.Civ.App.—Fort Worth, 1967, no writ hist.) 413 S.W.2d 424, 426; 2 McCormick & Ray, *Texas Law Of Evidence* 440, § 1579, (2nd ed., 1956); 23 Tex.Jur.2d 324, Evidence, § 211. The competency of the plaintiff's witness is not questioned. No objection was made to his testimony.

The judgment is affirmed.