## ESTATE OF HENRY.

*March 1 — March 16, 1886.*

*Estates of decedents: Will: Allowance for support of widow and infant children.*

Under a will in which she was named as sole devisee for her life the testator's widow took possession of his estate, but within a year surrendered the same, including her own rightful exemptions, to the administrator *de bonis non,* for the benefit of the creditors, reserving nothing for the support of herself and her infant children. The estate was solvent. *Held,* that an allowance might be made to her under subd. 2, sec. 3935, R. S., for such support during the progress of the settlement of the estate. *Golder v. Littlejohn,* 30 Wis. 344, distinguished.

APPEAL from the Circuit Court for *Iowa* County.

The case is sufficiently stated in the opinion. This appeal was taken on behalf of the estate from the judgment of the circuit court.

For the appellant there was a brief by *Wilson & McIlhon,* and oral argument by *Mr. Wilson.* To the point that after accepting the provisions of the will in her favor, and entering upon their enjoyment, the widow could have no further provision for her support out of the estate, they cited *Golder v. Littlejohn,* 30 Wis. 344; *Caulfield v. Sullivan,* 2 Am. Prob. Rep. 43 and notes; Schouler on Executors, sec. 453.

For the respondent there was a brief by *Lanyon & Spensley,* and oral argument by *Mr. Spensley.*

ORTON, J.   This is a very simple and plain case of a peti-
tion by the widow for an allowance for her support, and for
the support of her infant children, out of her deceased hus-
band's estate, pending its administration and settlement.
The record is incumbered by a long and minute history of
the management of the estate by the first executors, and
then by the widow (who, by virtue of 'the will making her
the sole devisee for life, took possession of it with a view
of continuing the banking and other business of William
T. Henry at the time of his death), and then finally by the
present administrator *de bonis non*,— all of which is imma-
terial any further than to show that the estate was solvent,
and that the widow has surrendered it to the administrator,
and did so within one year after the death of the testator.
At the time of his death, the estate was valued at $55,000
and the debts were $32,000.   Since that time there was
added to the assets over $23,000 of life insurance moneys,
and the surrender by the widow to the estate of a complete
and valuable set of books of abstracts of title to the lands
in Iowa county, and other property by law exempt to her.
In the mean time there had been paid by her over $40,000
of the debts.   The continuance of the business by her was
the fault, if any, of the executors of the will, and others
interested in the estate, as well as hers; and that it resulted
disastrously to her, as well as to the estate, was not the fault
of any one.   But as it is, the estate is still solvent, and has
never been declared or treated as otherwise.   It clearly ap-
pears that the widow has surrendered the estate for the
benefit of the remaining creditors, and her own legal rights
therein, to her own impoverishment and destitution.   So far
as equities may be regarded in determining whether the
petitioner ought to have a reasonable allowance out of the
estate for her support, and for the support of her infant
children, wholly dependent upon her for such support, and
the amount thereof, her application appeals most strongly

to the favor of the court within its jurisdiction, and is in a high degree meritorious. If the estate is not now solvent, other persons than the widow are responsible for it by bad management or misfortune, and it is useless, on this application, to inquire who such person or persons may be.

The widow having surrendered, as far as possible, the provisions made for her in the will, and even her own rightful exemptions, and reserved nothing for her support or for her infant children, her application does not come within the restriction named in *Golder v. Littlejohn*, 30 Wis. 354. This application is made under the second subdivision of sec. 3935, R. S., for "such reasonable allowance, out of the personal estate or the income of the real estate of the deceased, as the county court shall judge necessary for their [the petitioner's and her children's] maintenance during the progress of the settlement of the estate." This subdivision has recently undergone a very full investigation by this court, and it was decided in *Baker v. Baker*, 57 Wis. 382, that it was not subject to the condition named in the first part of the section, that the estate shall not have been lawfully disposed of by will.

The county court made an allowance of $200 for the support of the infant children, without prejudice to the widow to apply for further allowance for herself and children. She then applied for such further allowance, and the county court made her an allowance of $500. From this allowance an appeal was taken by both the petitioner and the administrator to the circuit court, and that court, on full hearing of the case, made specific findings of fact relating to the management and condition of the estate, and increased such allowance to $1,300 and costs, and entered judgment against the estate therefor, from which this appeal is taken. We think the allowance was reasonable, and by no means too liberal.

*By the Court.*— The judgment of the circuit court is affirmed.