## AMERICAN CENTRAL INS. CO. v. WELLMAN et al. (No. 10191.)

Court of Civil Appeals of Texas. Dallas.
March 24, 1928.

Rehearing Denied April 28, 1928.

**1. Appeal and error ⊕⟶931(3)—Where no findings or conclusions are requested in court case, appellate court must assume that all findings of fact necessary to sustain judgment were made.**

Where case is tried to court and neither party requests finding of fact and conclusion of law, appellate court must assume that trial court made all findings of fact that were necessary to sustain judgment.

**2. Insurance ⊕⟶665(3)—Evidence held to support determination that insured was·sole and unconditional owner of hay destroyed.**

In action on fire policy, evidence *held* to support court's determination that at time of execution of policy insured was sole and unconditional owner of hay destroyed.

**3. Insurance ⊕⟶665(3)—Evidence held to support finding that not more than 50 tons of hay were· stored in barn at time of fire as warranted by insured.**

In action on fire policy insuring hay, in which insured warranted that there would not be more than 50 tons of hay stored in barn at any one time, evidence *held* to support finding of court that not more than 50 tons of hay were so stored at time of fire.

**4. Insurance ⊕⟶665(4)—Evidence held to support judgment for loss of hay barn, machinery, and hay under fire policy.**

In action on fire policy, where judgment was rendered in favor of insured for loss of hay barn, machinery, and hay, evidence *held* to support judgment.

**5. Insurance ⊕⟶662(1)—Proof of loss held admissible to show that condition of fire policy was met.**

In action under fire policy, ·admission of proof of loss in evidence *held* not error, since, while proof of loss may not be evidence of damage suffered by fire, it is legitimate evidence to show condition of policy in reference to presenting to insurer such proof of loss was met.

Appeal· from District Court, Dallas County; Towne Young, Judge.

Action by J. W. Wellman and others against the American Central Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

E. G. Senter, of Dallas, for appellant.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellees.

JONES, C. J. In a district court of Dallas county, appellees J. W. Wellman and John W. Kincaid were awarded judgment on a fire policy against appellant, the ·American Central Insurance Company, incorporated, in the sum of $1,654, as a fire loss on property owned by Wellman, together with an additional sum of $142.96 as accrued interest. Appellee Kincaid was the assignee of Wellman's interest in the insurance policy on which suit was instituted. The term "appellee" will be used to designate Wellman, the owner of the destroyed property. The principal sum of the judgment is made up of the following items: $750 for the total loss of a hay barn; $190 for loss of machinery; $714 for loss of hay. Appellant has duly perfected its appeal to this court.

The right of recovery for the item of $750 for loss because of the burning of the barn is not contested on this appeal. Judgment for the other two items is contested on the grounds: ·First, because the undisputed evidence shows that appellee was not the sole and unconditional owner of the hay destroyed by the fire at the time the policy was issued, and by the·terms of the policy recovery should have been denied; second, because in order to secure a very substantial reduction in the rate charged for the insurance, appellee warranted that not more than 50 tons of hay would be stored in said barn at any one time, and as the undisputed evidence showed that at the time of the fire more than the said number of tons was stored therein, there was a violation of a material warranty by the insured that would forfeit his right of recovery. Appellant also contends that the case should, in any event, be reversed and remanded because of a failure to prove the alleged loss by competent evidence, and further because of errors of the court in the admission of evidence. These questions are raised by proper assignments of error.

[1] The case was tried to the court, and neither party requested a finding of fact and conclusion of law. This court, therefore, must assume that the trial court made all findings of fact that are necessary to sustain the judgment rendered; that is, a finding of fact that at the time the policy was issued appellee was the sole and unconditional owner of the hay, and that at the time of the fire there was no such violation of the warranty on the part of appellee in reference to the amount of hay stored in the barn, as would work a forfeiture of the insurance. On the issue, therefore, of the forfeiture of the insurance because of a violation of either of these two clauses of the contract of insurance, the question is: Was there substantial evidence showing no violation of either of such clauses?

[2] Was there substantial evidence tending to show that appellee, at the time the insurance policy was issued, was the sole and unconditional owner of the hay insured against fire? The policy insured hay to the amount of $2,000. Attached to the proof of loss is a

typewritten statement itemizing the loss, and there appears in said attached statement the following:

"Item: Hay—Hay, as per affidavit of D. W. Thompson, farm manager, 1,750 bales, 44⅝ tons at $24, $1,071; sound value and loss of hay in barn $1,071, less one-third, tenant's share, $357, loss to assured, $714."

This would indicate that appellee had insured hay of which he was the owner of an undivided two-thirds interest, and his tenant was the owner of an undivided one-third interest, and that appellee was not the sole and unconditional owner of all the hay insured by the policy. The effect of the evidence of J. C. Roberts, appellant's adjuster, who secured from appellee this proof of loss, is that both appellee and the tenant, Thompson, informed him at said time that one-third of the hay in the barn belonged to Thompson, as tenant. It may be conceded that the effect of this testimony is to establish prima facie the fact that appellee was not such sole and unconditional owner of the insured hay.

On the other hand, appellee testified to the effect that there was a special contract between him and the said tenant in reference to the hay; that appellee would furnish the uncut hay and the tools for the mowing and baling, and the tenant would do the work necessary to prepare the hay for market, and that each would have one-half of the hay baled. The testimony is also to the effect that, because the quality of hay varied on different portions of the land, the division between them was made at the baler. As the hay came from the baler, every other bale was placed in one stack, and every other bale placed in another stack, appellee owning one and the tenant the other; that when hauled to the barn, the hay from the stacks owned by appellee was placed on one side of the barn, and the hay owned by the tenant was placed on the other side of the barn, there being a passageway between the two stacks of hay in the barn. Appellee exercised absolute control and ownership over the hay thus placed in the barn for him, and the tenant exercised absolute control over the hay placed for him. This was the status of the hay at the time the insurance policy was issued, and there was never any intermingling or mixing of the hay owned by appellee with the hay owned by the tenant, though both were stored in the same barn. The policy only purported to insure the hay owned by appellee. It is further shown that the tenant paid all the employees assisting in cutting and baling the hay in hay owned by him, and that such hay was delivered to such employees in the field, and for such reason there was about twice as much hay on appellee's side of the barn as there was on the tenant's side of the barn. The evidence of another witness, who inspected the premises after the hay was stored and before the fire, for the purpose of placing a

value on the farm for a loan company, is to the effect that there were two separate and distinct stacks of hay in the barn, one stack containing more hay than the other one.

The evidence of appellee is to the effect that the attached statement to the proof of loss above referred to was not attached to the proof of loss when he signed it; that the figures as to the items of loss had been agreed upon, but the adjuster stated that he was in a hurry and would have the figures showing the items of loss copied by his stenographer when he returned to his office and attach same to the proof of loss. In this appellee is corroborated by the evidence of the adjuster. Appellee explains further that he did put in a claim for 1,750 bales of hay, believing that the policy covered the entire hay in the barn, and did perhaps tell the adjuster that the tenant owned about one-third of the hay in the barn, but denies that he ever told the adjuster that the hay was intermingled in the manner indicated by the statement in proof of loss. This evidence is clearly sufficient to raise the issue determined by the court in favor of appellee that he was at the time of the execution of the policy the sole and unconditional owner of the hay, and all assignments of error in reference to this issue are overruled.

[3] Was there a substantial compliance with the condition of the policy that the amount of hay stored in the barn should not exceed 50 tons? The proof of loss shows that the adjuster and appellee agreed that there were 1,750 bales of Bermuda hay in the barn at the time of the fire, and the evidence further shows that this was all the hay that had been placed in the barn from the date of the issuance of the policy to the fire. Mr. Thompson, the tenant, had had ten years' experience in baling and handling hay. He testified that when hay of this character came from the baler, and before it had dried out, it required 33 bales to make a ton; that after it had had time to dry, it required 38 bales to make a ton. This hay had had some weeks to dry while in the barn, and the inference is clear that some of it had had time to dry before it was placed in the barn. Accepting 1,750 bales as the amount of hay in the barn, and the opinion of the tenant as to its weight per bale, when such hay came from the baler it would have weighed approximately 53 tons; after it had had time to dry, it would have weighed approximately 46 tons. Under this testimony, it is clear that the finding of the court, that not more than 50 tons of hay was stored in the barn, finds substantial support in the testimony, and all assignments of error in this respect are overruled.

[4] It is claimed by proper assignment of error that there is no proper evidence in the record to sustain the loss suffered by appellee. To this we cannot agree. The testimony is reasonably clear as to the amount of hay

owned by appellee, and he testified that at the time and place of the fire the hay was worth $24 a ton. He also testified as to the farming implements and tools destroyed; that there was no market value in Van Zandt county for secondhand farming implements and tools of the kind lost by the fire—the premises being located in Van Zandt county, Tex. He then testified that these implements and tools were worth to him for the use he made of them the sum of $500. However, appellant's adjuster and appellee agreed that the sound value of this property was $270, and that the agreed loss and damage on said property should be placed at $190, which latter sum was the amount awarded by the judgment. The evidence of appellee clearly supports this judgment, and all assignments of error on this issue are overruled.

[5] Appellant contends, by proper assignment of error, that its objection to the admission of the proof of loss in evidence should have been sustained. To this we cannot agree, for the reason that, while the proof of loss may not be evidence of the damage suffered by a fire, it is legitimate evidence to show that the condition of the policy in reference to presenting to appellant such proof of loss was met. 14 R. C. L. 1442.

We have carefully examined all other assignments of error, and do not find any merit in them, and they are overruled.

Finding no reversible error, it is the opinion of the court that this case should be affirmed.

Affirmed.