### CHRISTIE et al. v. HUDSPETH COUNTY CONSERVATION & RECLAMATION DIST. NO. 1 et al.

#### No. 2891.

Court of Civil Appeals of Texas. El Paso.

Oct. 19, 1933.

Rehearing Denied Nov. 9, 1933.

Whitaker & Peticolas, of El Paso, for plaintiffs in error.

Frank B. Clayton, of El Paso, for defendant in error district.

HIGGINS, Justice.

The Hudspeth county conservation and reclamation district No. 1 brought this suit against W. E. Wood to recover delinquent taxes for the years 1929 and 1930 and to foreclose the statutory lien upon land. H. E. Christie, trustee, Border Mortgage Company, S. O. Pottorff, receiver, Jack Coleman, and Mrs. Louise E. Hardy were joined as parties defendant; it being alleged they were claiming some interest in the land.

Wood and Border Mortgage Company answered by general demurrer and general denial, but did not appear upon the trial. Christie and Coleman made no appearance. Mrs. Hardy filed a disclaimer.

Pottorff filed a cross-action against Wood seeking judgment upon certain notes executed by him. He sought foreclosure against all parties of a vendor's lien upon the land securing payment of such notes.

The plaintiff in the suit and Pottorff recovered judgment as sought by them.

Christie, trustee, Border Mortgage Company, and Coleman prosecute this writ of error to review the judgment.

Those propositions will be first considered which attack the judgment in favor of the conservation and reclamation district.

■ Various propositions question the sufficiency of the evidence to support the judgment.

Mrs. Long testified: That she was assessor and collector of the district and had with her the tax roll and delinquent roll and the minutes of the district; taxes were assessed on the benefit basis; she testified as to the tax levies as shown by the minutes and the amounts assessed against the acreages of the various classes, and against whom the assessments were levied. The minutes showing the levies were offered in evidence but are not copied in the statement of facts. She also testified to the delinquency in the taxes sued for, notice given, demand for payment and failure to pay, and that the delinquency was shown on the delinquent roll. The assessment rolls and delinquent rolls were offered in evidence but are not copied in the statement of facts.

This testimony was sufficient prima facie to show a valid levy and assessment and to support the judgment. Wheat v. Ward County, etc. (Tex. Civ. App.) 217 S. W. 713; State v. Downman (Tex. Civ. App.) 134 S. W. 787.

It is urged that Mrs. Long's testimony was hearsay and conclusions, and for that reason insufficient. In this connection plaintiffs in error refer to cases holding that incompetent testimony, though admitted without objection, is insufficient to support a judgment.

■■ Mrs. Long's testimony was not hearsay. She was testifying to what was shown by her records. Her testimony was secondary evidence, but not incompetent evidence. Her testimony was admitted without objection, and it is too late upon appeal to raise the point for the first time that it was not the best evidence. Long & Berry v. Garnett, 59 Tex. 229; 17 Tex. Jur. p. 497, under the title, "Evidence in Civil Cases."

The statement of facts discloses that the records concerning which Mrs. Long testified were in fact put in evidence though not copied in the statement. The court had the records before it and it will be presumed they supported the testimony of Mrs. Long as to the contents thereof. Allen v. Emery I. S. District (Tex. Civ. App.) 283 S. W. 674.

As to the point that it was not shown the delinquent tax roll had been published, such showing is not now necessary. Article 7683a, R. S., Acts 39th Legislature (1925), ch. 152, p. 362, § 2 (Vernon's Ann. Civ. St. art. 7683a); K. C., M. & O. Railway v. Rochester Independent School District (Tex. Civ. App.) 292 S. W. 964; Lindsay v. State (Tex. Civ. App.) 25 S.W.(2d) 1113.

As we have stated above, we regard the testimony of Mrs. Long as sufficient prima facie to support the judgment. The deficiencies in the evidence referred to by the various propositions are matters of defense as to which there was neither plea nor evidence offered by plaintiffs in error. We therefore overrule all assignments questioning the sufficiency of the evidence to support the judgment.

The plaintiff in error Coleman is a resident of California and was served in that state with notice as in the case of nonresidents. He attacks the sufficiency of the notice served upon him. The process in cases of this nature is the same as in ordinary suits in the district court. Article 7681, R. S.

Article 2037, R. S., relating to notice to nonresidents requires, inter alia, that the notice shall give the date of the filing of the petition. The original petition in the case was filed September 16, 1931. An amended petition was filed August 20, 1932. It was after the filing of the amendment that the process against Coleman was issued. In the body of the notice it is recited that the Hudspeth county conservation and reclamation district No. 1 on the 16th day of September, 1931, filed its petition. The nature of the plaintiff's demand was briefly stated "as is more fully set out in Plaintiff's First Amended Original Petition, a copy of which is hereto attached and made a part hereof.

"And Whereas, the said Petition will be heard in the said Thirty-Fourth District Court of Hudspeth County, in the City of Sierra Blanca, Texas, on the first Monday, September A. D. 1932, (being the 5th day of September, A. D. 1932.)

"These are therefore to require you to appear at such time and place above stated and answer said Plaintiff's Petition, a certified copy of which accompanies this notice."

There is nothing in the notice advising Coleman of the date the amended petition was filed. The only filing date shown is that of the original petition. The import of the notice is that Coleman was required to answer a petition filed September 16, 1931, but that is not the date the amended petition was filed. The notice must be regarded as defective in either giving an incorrect date of the filing of the amended petition or as failing to give any information as to the date such amendment was filed. In Pruitt v. State, 92 Tex. 434, 49 S. W. 366, 367, Chief Justice Gaines said: "It has been repeatedly ruled that the provisions of the statute in reference to citations are mandatory, and that, unless the citation be in substantial compliance with these statutory requirements, it will not support a judgment by default."

Upon either view the notice is defective and will not support the default judgment against Coleman. Pruitt v. State, supra; Simms v. Miears (Tex. Civ. App.) 190 S. W. 544; Smith v. Buckholts State Bank (Tex. Civ. App.) 193 S. W. 730.

We pass now to those propositions attacking the judgment in favor of Pottorff, receiver, upon his cross-action.

The statement of facts discloses that counsel for Pottorff introduced in evidence "notes in the principal sum of $4500 with interest in the sum of $580 to August 1st, 1932, and attorney's fees at the rate of ten per cent." This was all the evidence offered in Pottorff's behalf. It is insufficient to support the judgment establishing and foreclosing a lien in his favor.

Nor was such judgment authorized against Christie and Coleman who had not answered and who were not served with citation on Pottorff's cross-action. Citation of authority to that effect is unnecessary.

The matters referred to in the third, fourth, and fifth propositions need not be considered, as there is no occasion why the questions presented by these propositions should recur upon retrial.

Wood and Pottorff have not appealed from the judgment rendered against them in favor of the plaintiff, and as to them such judgment will not be disturbed. 3 Tex. Jur. p. 1154, § 813; Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136.

For like reason the judgment in Pottorff's favor against Wood will not be disturbed.

No error is found in the judgment in favor of the plaintiff against Christie, trustee, and Border Mortgage Company, and such judgment is affirmed.

The judgment in favor of the plaintiff against Coleman is reversed and remanded.

The judgment in favor of Pottorff against Coleman, Christie, trustee, and Border Mortgage Company is reversed and remanded.

Affirmed in part; reversed and remanded in part.