**AETNA INSURANCE COMPANY,**
Appellant,

v.

**Edward J. KLEIN et al., Appellees.**

No. 13274.

Court of Civil Appeals of Texas.

Houston.

Nov. 6, 1958.

Rehearing Denied Dec. 4, 1958.

Chilton Bryan, E. H. Patton, Jr., Houston, for appellant.

Vinson, Elkins, Weems & Searls, B. Jeff Crane, Jr., Sam W. Davis, Jr., Houston, for appellees.

WERLEIN, Justice.

This suit was brought by appellees, Edward J. Klein, Ernest B. Klein, Martha K. Levin and Shirley Jean Klein, doing business as Klein Associates, against Aetna Insurance Company to recover damages allegedly resulting to appellees' building from lightning. Appellees alleged that said premises were insured by appellant to a total amount of $40,000 under Policy No. S 24–5202 issued by appellant. From the judgment entered by the court on the verdict of the jury, appellant has duly appealed.

Appellant's First, Second and Third Points of Error, briefed together, are to the effect that the court erred in entering judgment for appellees because there was (1) insufficient evidence and (2) no evidence to support the judgment, in that appellees failed to either plead or offer in evidence the insurance policy or prove its terms, and also because the court erred in overruling appellant's motion for an instructed verdict.

Appellees' pleading sets out a good cause of action for recovery of damages resulting to their building located at 603–05. McGowen Avenue in Houston, Harris County, Texas. They did not attach a copy of the insurance policy to their petition. To this appellant excepted, contending that failure of appellees to attach a copy of said policy to their pleading or to copy the same therein was in violation of Rule 59, Texas Rules of Civil Procedure. The court properly overruled such exception as Rule 59 does not require that an insurance policy be attached or filed as a part of the pleading, but merely permits the same to be attached. It is sufficient if the pleading sets out the essential provisions of the contract sued upon.

Appellant contends that appellees did not make out a case because appellees not only failed to plead the terms of the policy but also failed to offer in evidence the contract of insurance or prove its terms. Appellees counter that it was not necessary to introduce the policy in evidence or prove its terms for the reason that the essential terms of the policy were either stipulated or admitted in the pleadings of appellant. Appellant filed its first amended original answer, which contained a general denial followed by certain special pleas, some in the alternative. We cannot look

to such pleading for any admissions made by appellant since if made they followed a general denial, and the allegations containing the same were in answer to the petition of appellees and in defense of appellees' contentions. The general rule is stated in 33 Tex.Jur., Pleading, Sec. 189, p. 645, as follows:

"—Independent Pleas.—The Supreme Court, speaking through Mr. Justice Williams, has said:

" 'A defendant has the right to plead inconsistent defenses, and where in one part of an answer he denies or otherwise puts in issue a fact and in another part alleges its existence, the answer cannot be taken to be an admission of such fact * * * not because admissions in pleading are not admissible against the party making them, but because a plea, in one part denying a fact and in another part affirming it, cannot, under our statute, be treated as an admission of the fact.'

"Consequently, where the defendant has answered by general denial, followed by one or more special pleas containing some admission, the plaintiff is not absolved from proving his case, the admission being regarded as contingent on such proof."

See also Silliman v. Gano, 90 Tex. 637, 39 S.W. 559, 40 S.W. 391; Hynes v. Packard, 92 Tex. 44, 45 S.W. 562; Houston, E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 70 S.W. 531.

Appellees rely upon the case of Curry v. E. E. Stone Lumber Co., Tex.Civ.App., 218 S.W.2d 293, writ ref., n.r.e. In that case suit was brought to recover a bill allegedly due on a partnership indebtedness. The partner did not deny the existence of the partnership by a pleading verified by affidavit. The court held that his unsworn general denial did not put the question of partnership in issue. Rule 93, T.R.C.P. Hence, the pleading of the defendant which generally tended to admit the existence of the partnership was taken as an admission

of the partnership by the defendant. The pleadings in the Curry case were such that the general rule had no application. The rule is applicable in the present case. It becomes necessary, therefore, to determine whether the answers of appellant made to appellees' request for admissions constitute sufficient proof of appellees' cause of action to permit them to recover.

■ Appellant admitted in answer to said request for admissions that Aetna Life Insurance Company delivered its policy No. S 24–5202 to Edward J. Klein, Ernest B. Klein, Martha K. Levin and Shirley Jean Klein, doing business as Klein Associates, on or about October 1, 1954; that said policy insured the premises at 603–05 McGowen Avenue (at Smith Street), Houston, Texas, against loss caused by fire, lightning and extended coverage; that said policy was in full force and effect from the date of its delivery to Klein Associates on or about October 1, 1954, including the date and time material to the event made the basis of this lawsuit; that the premium on said policy had been paid by Klein Associates at all times material to this lawsuit; that all premiums on said policy had been received by the Aetna Insurance Company. Appellant denied that it had furnished to appellees Klein Associates its "sworn statement and proof of loss" form.

During the trial appellees introduced in evidence Exhibits 1 and 2, consisting of proof of loss, which was sent to the appellant by registered mail, and the return receipt showing receipt of said proof of loss by appellant.

We are of the opinion that the admissions made by the appellant in answer to the request for admissions, coupled with the sworn statement and proof of loss, introduced in evidence without objection, constituted sufficient proof of the essential terms of the policy relied upon by appellees, and that the court properly overruled appellant's motion for an instructed verdict both at the close of appellees' evidence and at the close of all the evidence. The

admissions standing alone would probably not be sufficient in that they do not indicate the total amount of insurance upon the property described in the policy at the time of the loss. This evidence, however, is supplied by the verified proof of loss showing the total amount of the insurance to be $40,000. Such proof of loss also contains, among other things, a statement of the loss and damage sustained, a description of the property insured, the amount claimed under the policy in question, and the Co-insurance Clause.

■ Appellant's Fourth and Fifth Points of Error are to the effect that the court erred in submitting Special Issue No. 1 over the objection of the appellant for the reason that said Issue is not an ultimate controlling issue since there was not submitted to the jury any Issue to determine whether or not lightning did in fact strike the building in question, or strike so close thereto as to inflict physical damage upon the building, and also because such Issue is an assumptive and presumptive Issue, amounting to a comment on the weight of the evidence.

We do not agree with appellant. Appellees alleged that a loss occurred to them due to perils covered by such policy and resulting from lightning which, in reasonable probability, was contributed to by windstorm. Special Issue No. 1 is: "Do you find from a preponderance of the evidence that on or about August 9, 1955, lightning was a proximate cause of the damage to the building in question?" to which the jury answered, "We do."

Appellees' pleading alleged that loss was due to lightning. There was no allegation that lightning actually struck the building, or struck in close proximity thereto. There was no evidence that in order to recover it would be necessary for lightning to strike the building or strike in close proximity thereto. The evidence in respect thereto is contained in the admission of appellant in answer to Statement No. 2 of the request for admissions. The admission reads: "Aetna Insurance Company Policy No. S 24–5202 insured the premises at 603–05 McGowen (at Smith Street), Houston, Texas, against loss caused by fire, lightning and extended coverage." This broad admission was made unconditionally and was not subject to any limitation or restriction. If the loss was in fact caused by lightning, then appellees under such admission were entitled to recover. The jury found that the loss was caused by lightning. The Issue was submitted in language almost identical with that used in appellees' pleading.

It is undisputed that the building was seriously damaged and that appellees did sustain a heavy loss. It is also undisputed that at or shortly before the time of the collapse of the building there was lightning. There was conflict in the testimony as to whether lightning actually struck the building. Appellees' first witness, Mrs. H. J. Marie, testified that lightning "was hitting right and left." She could not say lightning hit the building, but stated that the lightning she saw was about five minutes before the roof collapsed. She also testified it was raining hard. Appellees' witness Malone testified that he saw lightning hit the building. One M. L. Dilday testified that he saw a bolt of lightning strike the building and that shortly after that the roof caved in. Appellant's witness Cearley testified that he could not say whether the noise he heard before the roof collapsed was caused by lightning or by the popping of the girders of the roof. Appellant's witness Bishop testified that he had observed lightning strike a light pole on the opposite side of McGowen Street. The first noise he heard from the building in question was a noise like metal grating on metal. Within a few minutes there was a loud noise and the roof caved in and water rushed across the street like a dam had broken. There was other testimony but none to the effect that there was not lightning at or shortly before the collapse of the roof.

· In the absence of any evidence that it was necessary for lightning to strike the building as a prerequisite for recovery, it was unnecessary to inquire as to whether lightning actually struck the building. There was no question that the building had been damaged and that heavy loss had resulted. The only real Issue was whether lightning had any causal connection with the collapse of the building. We think the Issue was properly submitted and that it did not constitute a comment on the weight of the evidence, and that it was not assumptive or presumptive, as contended by appellant.

As stated by Justice Calvert in Westinghouse Electric Corporation v. Pierce, 153 Tex. 527, 271 S.W.2d ·422, 426:

"Both trial and appellate courts in this state are in a constant struggle to maintain some simplicity in the manner of special issue submission of cases to juries, the while staying within time-honored patterns of procedure which guarantee a fair trial to litigants. The simple, direct and controlling manner of submitting this case was followed by the trial judge and we cannot conclude that in adopting that method of submission he committed reversible error. The issue was submitted in language almost identical with that used by the plaintiff in his pleading."

In Camden Fire Insurance Association v. Moore, Tex.Civ.App., 206 S.W.2d 104, 106, writ ref., n. r. e., this Court stated:

"In a word, an insurer is liable for loss proximately caused by a peril insured against. And the term 'proximate cause' as 'applied in insurance cases has essentially the same meaning as that applied * * * in negligence cases, except that in the former the element of foreseeableness or anticipation of the injury as a probable result of the peril insured against is not required.' Federal Life Ins. Co. v. Raley, Tex.Com.App., 109 S.W.2d 972, 974."

In the present case the jury found that lightning was the proximate cause of the damage to the building in question. Under Rule 94, T.R.C.P., it devolved upon the appellant to specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability. This the appellant did not do other than to allege in substance that the damage sustained to appellees' building was the direct and proximate result of poor building design and poor, insufficient building construction and workmanship and maintenance, coupled with a heavy collection of rainwater. The court submitted Special Issues in answer to which the jury found that the type and condition of the roof of the building was not the sole proximate cause of the cave-in of the roof in question and that the collection of rainwater on the roof just before it caved in was not the sole proximate cause thereof. The jury further found that the type and condition of the roof, coupled with the collection of rainwater on the roof, was not the sole proximate cause of the cave-in of the roof.

We are of the opinion that the findings of the jury are supported by sufficient evidence, and that the court did not err in entering judgment thereon.

Appellant's Sixth Point of Error is that the court erred in overruling appellant's first motion for continuance based upon the absence of a material witness.

This suit was filed on January 17, 1956, and the pleadings were not complete until November 13, 1956. Thereafter, on September 6, 1957, appellant filed its first motion for continuance, which was overruled. The case went to trial on September 11.

It is well settled that a motion for continuance is addressed to the discretion of the trial court but that the overruling of a motion is subject to review. Robertson

v. Robertson, Tex.Civ.App., 291 S.W.2d 452; Butcher v. Tinkle, Tex.Civ.App., 183 S.W.2d 227, ref. w. m. Appellant asserts that Rule 252 had been complied with and that it was prejudiced by the court proceeding with the trial.

Appellees contend that the testimony of the missing witness Andrews would not have been in any way helpful to appellant. The testimony of one Malloy, an engineer with the firm of Lockwood, Andrews & Newman, of which firm the missing witness Andrews is a partner-member, indicates that appellees are probably right in their contention. In any event it appears that appellant did not comply with Rule 252, T.R.C.P. In paragraph I of said motion the appellant stated, "Though the defendant has used due diligence to obtain the presence of this witness for trial, said witness is now outside of the United States on an extended trip in Canada." The allegation of due diligence was thus a conclusion on the part of appellant and it stated no facts in support thereof.

In Missouri Pac. R. Co. v. Aikin, 71 Tex. 373, 9 S.W. 437, 438, Justice Gaines stated: "Upon a first application for continuance, it must not only be stated that due diligence has been used to procure the attendance or deposition of the witness, *but the diligence used must be set forth.*" (Emphasis supplied.) See Fritsch v. J. M. English Truck Line, Inc., 151 Tex. 168, 246 S.W.2d 856. Rule 252, T.R.C.P., requires that the party seeking the continuance shall make affidavit "that he has used due diligence to procure such testimony, stating such diligence."

In the instant case it was not shown when the witness went to Canada or that appellant had a promise by the witness to attend. It was not shown that any effort had been made to procure the witness' attendance or that a subpoena had been issued, or that any attempt had been made to take the deposition of the witness. Under these circumstances, we are of the opinion that the trial court did not abuse its discretion in refusing to grant the motion for continuance.

In their supplemental brief appellees by cross-point of error state that the court erred in failing to render judgment in the amount of $25,000 (plus interest) instead of $20,000 (plus interest). Although this cross-point was not raised in appellees' brief and is not in response to any reply brief filed by appellant, we shall nevertheless consider the same.

No evidence was introduced by appellees to show what measure of damages should be applied. The statement as to the proper measure of damages made by appellant's counsel when objecting to the introduction of repair bills by appellees cannot be construed as evidence of the correct measure of damages. The court in Special Issues Nos. 5 and 6 inquired as to the cash value of the building just after and just before the occurrence in question. In Special Issue No. 7 the court inquired as to the reasonable cost to repair or replace the building in the condition in which it was just before the occurrence. The answers of the jury to Special Issues Nos. 5 and 6 were, respectively, $25,000 and $50,000, and to Special Issue No. 7, $20,000. The court entered judgment for $20,000 plus interest, to which the appellees excepted, and all parties gave notice of appeal.

Since one or the other of said two measures of damages would be correct in this case, it was proper for the court to enter judgment for the lesser amount in the absence of any evidence as to which measure should be applied under the insurance policy in question. The appellant could have no cause of complaint since recovery is limited to the lesser amount. Appellees' cross-point is overruled.

The judgment of the trial court is affirmed.