Opinion delivered July 15, 1959.

AETNA INSURANCE COMPANY V. EDWARD *J.* KLEIN ET AL.

No. A-7120. Decided April 15, 1959.
Rehearing Overruled June 24, 1959.
Second Motion for Rehearing Overruled July 22, 1959.
(325 S.W. 2d Series 376)

*Bryan & Patton,* of Houston, for petitioners.

*Vinson, Elkins, Weems & Searls, T. B. Weatherly, B. Jeff Crane, Jr.,* and *Sam W. Davis, Jr.* all of Houston, for respondent.

MR. JUSTICE CALVERT delivered the opinion of the Court.

This is a suit on an insurance policy brought by respondents to recover for loss sustained by them by reason of damage to their building caused by lightning. The case was submitted to a jury on special issues, in response to which the jury found that lightning was the proximate cause of the damage to the building in question and that the loss sustained by respondents was $20,000.00. Judgment was rendered by the trial court that respondents recover that sum. The judgment was affirmed by the Court of Civil Appeals. 318 S.W. 2d 464.

The insurance policy on which recovery was allowed by the courts below was not introduced in evidence. The record does not reflect whether this omission was through oversight or was by design. Petitioner admitted the delivery to respondents of its policy insuring respondents against loss caused by fire, lightning and other hazards and that the policy was in force at the time of the alleged loss, but no admission was requested or made and no testimony was introduced establishing the amount of coverage provided by the policy. In other words, there is in the record no direct proof that petitioner by its contract promised to pay up to $20,000.00 or any other sum for loss sustained by respondents.

Respondents seek to fill the apparent gap in their proof by utilization of certain procedural devices. They first assert that they pleaded a coverage of $40,000.00 and a loss of $20,893.30 or $25,000.00, and that under Rule 94, Texas Rules of Civil Procedure, petitioner lost its right to controvert coverage of the amount of the loss by not pleading as "matter constituting an avoidance" that the coverage was for less than the amount of the loss alleged. They next assert that petitioner's cross-examination of one of the respondents who appeared as a witness supplied the necessary proof. Finally, they assert that the proof was supplied by their introduction in evidence, without objection, of a sworn proof of loss executed by them. We hold that the absent proof cannot be supplied by any of these devices.

Respondents' right to recover rests in contract. They alleged that petitioner had by its insurance contract obligated itself to pay up to $40,000.00 for loss sustained by them by reason of damage to their building caused by lightning. Petitioner's general denial put in issue "all of the material facts asserted by the plaintiff except those which are required to be denied under oath." Trevino v. American Nat. Ins. Co., 140 Texas 500, 168 S.W. 2d 656, 659; Rule 93, Texas Rules of Civil Procedure. The amount of the coverage provided in the policy is a material fact asserted by respondents which they must established by proof or admission, and Rule 94 requiring petitioner to plead affirmatively any "matter constituting an avoidance" of respondents' claim does not contemplate an affirmative pleading that the coverage provided is for a lesser sum than that sought. T.I.M.E., Inc. v. Maryland Casualty Co., 157 Texas 121, 300 S.W. 2d 68, is not in point. That case dealt with the necessity for affirmative pleading of exceptions limiting an insurer's general liability for loss caused by the general hazards covered by a policy.

1 The cross-examination which respondents assert supplies the necessary proof occurred while Edward J. Klein, one of the respondents, was being questioned with respect to the proof of loss furnished by respondents and rejected by petitioner's attorney. The attorney asked: "Mr. Klein, you yourself as a layman were figuring the value of the building at $48,000.00 to satisfy the 80% co-insurance clause in that policy, weren't you?" The witness answered: "No sir." Even if the question included an inference that the coverage in the policy was 80% of $48,000.00 the inference would appear to be destroyed by the negative answer of the witness.

The Court of Civil Appeals held that the necessary proof was made by the introduction into evidence of the proof of loss mailed to petitioner by respondents. In the upper left-hand corner and in the body of the printed form proof of loss completed and executed by respondents was a space for showing the amount of coverage provided by the policy. Respondents placed in the respective blank spaces the figure "$40,000.00." One of petitioner's defenses to the suit was that no proper proof of loss had been executed and furnished as required by the policy. The proof of loss was offered in evidence by respondents. Petitioner did not object to its receipt in evidence. An objection to its receipt would not have been tenable because it was admissible as evidence that it had been properly completed and executed, American Central Ins. Co. v. Wellman, Texas Civ. App., 5 S.W. 2d 550, 552, no writ history; 8 Couch, Cyclopedia of Insurance Law, Sec. 2225, p. 7213; 29 Am. Jur. 1115, Insurance, Sec. 1488, but its admission did not make its recitations evidence of the facts recited. The rule is thus stated in Couch, supra:

"As a general rule, supported by the weight of authority, proofs of loss are admissible in evidence only for the purpose of showing a compliance with the requirements of the policy, since such proofs are declarations or statements by the insured in his own behalf, and cannot be admitted as evidence against the insurer of any fact stated therein."

There is authority for the view that when proofs of loss are admitted in evidence without objection the recitations in them are evidence of the facts recited. Moore v. Protection Ins. Co., 29 Me. 97, 48 Am. Dec. 514; Farmers' Mutual Protective Ass'n. v. San Luis State Bank, 86 Colo. 293, 281 P. 366, 66 A.L.R. 1166. The contrary view seems to us to be founded upon sounder reasoning and more in keeping with our practice. See Hiles v. Hanover Ins. Co., 65 Wis. 585, 27 N.W. 348, 56 Am. Rep. 637,

in which some of the decisions are reviewed and the view is expressed that Moore v. Protection Ins. Co., supra, "rests on no authority and very poor reasons." 27 N.W. 351.

**2** The recitations contained in a proof of loss are ex parte statements of the insured claimant and are thus incompetent as proof of facts which must be established as a predicate to the insurer's liability. It is a rule of general application in this state that incompetent evidence, even when admitted without objection, has no probative force and will not support a judgment. Dallas Railway and Terminal Co. v. Bankston, Texas Com. App., 51 S.W. 2d 304, 309 (holding approved by Supreme Court); 17 Texas Jur. 922, Evidence in Civil Cases, Sec. 416. There can be little reason for relaxing the rule to permit proof of the provisions of an insurance contract by ex parte statements in a proof of loss since the contract itself may readily be offered in evidence.

**3** Petitioner's motion for an instructed verdict should have been granted. The judgments of the Court of Civil Appeals and the trial court must therefore be reversed. Under the provisions of Rule 505, Texas Rules of Civil Procedure, we are authorized to remand a case for retrial instead of rendering the judgment the trial court should have rendered "when it shall appear that the justice of the case demands another trial." It so appears to us in this case. Accordingly, the judgments of the Court of Civil Appeals and the trial court are reversed and the cause is remanded to the trial court for retrial.

Opinion delivered April 15, 1959.

### ON MOTION FOR REHEARING

MR. JUSTICE CALVERT delivered the opinion of the Court.

Respondents' motion for rehearing presents new reasons why the judgment of the Court of Civil Appeals should not have been reversed. Two of them are regarded as sufficiently serious to justify writing on rehearing.

It is contended for the first time that petitioner's motion for instructed verdict did not specifically direct attention of the trial court to respondents' failure to prove the amount of the policy coverage as was required by Rule 268, Texas Rules of Civil Procedure. It is then argued that because of that deficiency in the motion this Court erred in holding that it should have been sustained.

The record before us at the time the case was decided on original submission disclosed that petitioner filed two motions for instructed verdict, one when respondents rested their case and the other when the evidence in the case was closed. While both motions were devoted primarily to pointing out to the Court that the proof offered failed to establish that damage to respondents' building was caused by lightning, the first motion contained the statement that respondents had failed to bear the burden of proof placed upon them of pleading "and proving a contract of insurance * * * and a loss and damage within the contract coverage * * * ." The first motion for instructed verdict was copied in full as the first ground in petitioner's motion for new trial. One of the points of error presented in its brief by petitioner as appellant in the Court of Civil Appeals was that the trial court erred in overruling its motion for instructed verdict. That court overruled the point of error and in so doing pointed out that while the amount of the policy coverage was not otherwise proved it "was supplied by the verified proof of loss showing the total amount of insurance to be $40,000." 318 S.W. 2d 464, 468. By proper point of error in its application for writ of error petitioner preserved the question for review by this Court and specially contended both in its application and in a supplemental brief that there was no competent evidence offered establishing the amount of coverage. Respondents filed an answer to the application and two supplemental briefs. In neither the answer nor the supplemental briefs did respondents suggest that the question was not properly preserved in the motion for instructed verdict. The question was made the subject of special inquiry from the bench during oral argument of the case. It was not then suggested by counsel that the question had not been properly preserved. Until after the case was decided on original submission respondents at all times treated the question as being properly preserved for review by this Court, and, as pointed out in our opinion, sought to supply the absent proof in various ways.

4 On the foregoing statement of the record and proceedings in the case, respondents will not now be heard to say that the question decided by the court was not properly preserved for review because the motion for instructed verdict was not sufficiently specific to meet the requirements of Rule 268. It is unnecessary for us to decide whether the motion was sufficiently specific to comply with the Rule. Having briefed and orally argued the merits of the question and having thus made themselves a party to obtaining a decision of it, respondents are simply not in position to assert that the matter was never prop-

erly before the Court and that both they and the Court were tilting at windmills. By their conduct they have waived their right to complain at this late hour of the generality of the motion for instructed verdict.

5   Respondents also now contend, for the first time, that the figures shown in the proof of loss are secondary evidence of the amount of coverage provided in the policy and that secondary evidence of the contents of a written statement, admitted without objection, is given probative force by our courts to sustain a judgment. That proposition is undoubtedly sound when the secondary evidence is otherwise competent.

In 17 Texas Jur. 497, Evidence, Sec. 195, the rule is stated to be that "secondary evidence admitted without objection, *when competent,*[1] may be considered when passing upon the sufficiency of the evidence to prove a fact or sustain a judgment." McCormick and Ray in Texas Law of Evidence state that the terms of a "document may in general be proved by any *competent* evidence," Sec. 1577, and when secondary evidence is admitted without objection it will be considered on the same footing as other competent evidence if it is *"only subject to objection under a technical rule of preference."* Sec. 1579.

An example of the type of secondary evidense which is given probative force, when it is otherwise competent, is found in Matlock v. Glover, 63 Texas 231; Brown v. Lessing, 70 Texas 544, 7 S.W. 783, (so far as may be determined from the opinion) ; Long and Berry v. Garnett, 59 Texas 229; Missouri, K. & T. Ry. Co. v. Dilworth, 95 Texas 327, 67 S.W. 88; Sloan Lbr. Co. v. Southern Ornamental Iron Works, Texas Civ. App., 66 S.W. 2d 722, no writ history; Christie v. Hudspeth Co. C. & R. Dist. No. 1, Texas Civ. App. 64 S.W. 2d 978, no writ history. In each of the cited cases a witness was permitted to testify, without objection, to the contents of a written instrument. The testimony was not excludable on the ground that it was hearsay and therefore incompetent because it was given in court under oath by a witness who was subject to cross-examination. The only tenable objection which could have been urged to the testimony was that it was not the best evidence of the terms and provisions of a written instrument.

6   If the recitations contained in the proof of loss be considered as having been offered to prove the terms of the insurance

---

1.—Emphasis ours throughout.

policy, they are clearly hearsay and therefore incompetent. It does not alter the rule that the person who signed the proof of loss was sworn and testified as a witness on the trial. McCormick and Ray, Texas Law of Evidence, Sec. 785. This Court has said that "When the appellate court comes to apply the law to testimony constituting the facts of the case, it can only base its conclusion upon such testimony as is under the law competent. That which is not competent testimony should be given no probative force." Henry v. Phillips, 105 Texas 459, 466, 151 S.W. 533, 538. There are cases by Courts of Civil Appeals in which it appears that probative force was accorded hearsay evidence of the provisions of a written instrument but we are aware of no case in which this Court has done so. On the contrary it has refused to do so. Texas Co. v. Lee, 138 Texas 167, 157 S.W. 2d 628. See also Richards v. Rule, Texas Com. App., 207 S.W. 912. We hold that hearsay evidence not coming within some exception to the hearsay rule and which is therefore incompetent will not support a judgment even when offered as secondary evidence of the terms of a written instrument.

We have also examined the other assignments of error in respondents' motion for rehearing and find in them no sound reason for granting the motion. The motion for rehearing is accordingly overruled.

Opinion delivered June 24, 1959.

MR. JUSTICE SMITH dissenting on Motion for Rehearing.

A careful consideration of the record and respondents' motion for rehearing convinces the writer that the facts introduced in evidenec were sufficient, in the absence of objection to the court's charge, to constitute some evidence of the amount in controversy. I, therefore, respectfully dissent.

My view is simply this: The question of the failure to introduce the policy itself was not, in my opinion, specifically called to the attention of the trial court by the petitioner in its two motions for instructed verdict, its objections and exceptions to the court's charge, or its original motion for new trial. In fact, no mention was made of the absence of proof of the insurance policy itself until the filing of a 76-page amended motion for new trial. Rule 268, Texas Rules of Civil Procedure, was designed to protect the litigants and to prevent the trial court from being trapped into error. The evidence which was introduced, including the proof of loss, without objections, conclu-

sively shows the amount of the policy. In any event, had the petitioner complied with the rules and specifically called the matter to the attention of the trial court, the absent policy could have been easily supplied. The petitioner did furnish the original proof of loss, and the authorized agent of the petitioner testified to facts which were reasonably calculated to lead the jury to believe that he (the agent) furnished Klein the very blank which was used in filling out the proof of loss. No issue was drawn as to the coverage. The proof of loss was admitted without objection and without any limitations. From Klein's testimony, and from a reading of the evidence as a whole, I have reached the conclusion and, in my opinion, the trier of the facts could have concluded that the agent who furnished the proof of loss made an admission to Klein that the facts contained in the proof of loss were the true facts involved. The proof of loss included the fact that the coverage afforded by the policy was $40,000.00. The real controversy between the parties was not the amount of the policy, but the ultimate issue was the contention made by the petitioner that the loss was not due to lightning, but that it was due to an accumulation of water upon the roof of the building causing it to collapse. In my opinion, this was the matter referred to in petitioner's first motion for instructed verdict. The jury found, in answer to Issue No. 1, that lightning was a proximate cause of the damage to the building in question. The jury found against the petitioner on its defenses that the type and condition of the roof, coupled with the collection of rainwater on the roof just before August 9, 1955, were each the sole proximate cause of the cave-in of the roof. Petitioner's motions for instructed verdict are silent on the question of the amount of the policy. The motions primarily urge that the evidence shows beyond a question of doubt that lightning, as such, did not hit the building of the respondents, and did not directly or proximately cause the roof of the building to cave in. The very ultimate issues as submitted admit that a policy had been issued. The motion for rehearing states that the policy was before the trial court when the charge of the court was being prepared. The petitioner lost its case and now comes to this Court with an amended motion for new trial, and for the first time complains in said amended motion that no proof of the coverage provided in the policy was made. The original majority opinion states that the record does not reflect whether this omission (meaning failure to introduce the policy) was through oversight or was by design. I cannot conceive of anything the respondents would want to hide or that they could have hidden had they so desired. Of course, the petitioner had the record of the policy and certainly cannot consistently claim that it was in

a position to disprove the figures reflected by the proof of loss. The record shows that Mr. Cole, an agent for Aetna, was assigned to adjust the claim. There was some discussion between Cole and Klein in regard to the claim. The petitioner failed to object to that portion of the proof of loss which recited the coverage to be $40,000.00. It seems to me that this evidence is proof that the policy was for $40,000.00. Under such circumstances, it was the burden of the petitioner to show that its policy was for a smaller amount. My contention is that the proof of loss, especially when it contained all the necessary data, including the amount of the policy, to enable the petitioner to determine its liability and the amount thereof, is prima facie evidence of the facts contained therein. See, 3 Appleman's Insurance Law & Practice, page 83. The proof of loss under the record in this case is not merely an ex parte statement. The policy was available. The petitioner failed to offer any proof that the amount of the policy was any sum other than that stated in the proof of loss, and failed to properly and timely call to the attention of the trial court the failure to actually introduce the policy. Of course, the proof of loss was not offered to prove the amount of coverage in the insurance policy, but the fact remains that it was admitted without objection, and the petitioner, at no stage of the proceedings, when the omission could have been easily supplied, indicated that the respondents' case had failed because of the failure to introduce the policy in evidence. In other words, the parties have tried the case, so far as the trial court was concerned, just as though it was stipulated in the trial that the policy was for $40,000.00. Considering the record, the evidence was competent. The petitioner should not be allowed to sit silent and lead his adversary and the trial court to believe that the manner of presentation of evidence is satisfactory, and make no contention that the type of proof was not evidence of the amount of the policy. I cannot agree that respondents' have waived their right to complain of the obvious deficiency of petitioner's two motions for instructed verdict. Since the petitioner failed to preserve the point in its motions for instructed verdict, there was nothing for respondents to waive. The petitioner, and not the respondents, waived a known right and duty, as required by the rules, to call the matter of failure to introduce the policy to the attention of the trial court at a time when the omission could have been easily supplied.

The policy, no doubt, would have been the best evidence, but I submit that the failure to introduce the policy was not fatal to respondents' case. As was said in the case of Sloan Lumber Co. v. Southern Ornamental Iron Works, Texas Civ. App.,

66 S.W. 2d 722, no writ history: "To allow the opposition to sit silently and lead his adversary to believe the manner or presentation is satisfactory, and then when the doors to correction are closed to push him out of the temple of justice, does violence to our conception of right." The parties have treated the proof of loss as being evidence. There is no claim that the policy does not provide for coverage in the event of loss as the result of lightning. The proof of loss was introduced in evidence, and the petitioner furnished the original to be introduced in evidence without restrictions, and cross-examined the witnesses in regard thereto. Petitioner failed to refer to the matter in its two motions for instructed verdict, therefore should not be permitted to upset the verdict of the jury and judgment of the trial court with belated assignments of error contained in an amended motion for new trial.

I would affirm the judgments of the trial court and the Court of Civil Appeals.

Opinion delivered June 24, 1959.

Second motion for rehearing overruled July 22, 1959.