AMARILLO INDEPENDENT SCHOOL DISTRICT et al., Appellants,

v.

Ray BARR, Appellee.

No. 3966.

Court of Civil Appeals of Texas.

Eastland.

March 19, 1965.

Stephen P. Killough and Don P. Teague, Amarillo, for appellants.

Culton, Morgan, Britain & White, Maston C. Courtney, Amarillo, for appellee.

GRISSOM, Chief Justice.

Amarillo Independent School District and Amarillo College District sued Ray Barr for delinquent taxes, interest and penalties on cattle located in Amarillo on January 1, 1958. In a trial to the court, it was found that Barr did not own the cattle on the date of the tax assessment, January 1, 1958 and, therefore, judgment was rendered for him. Plaintiffs have appealed.

Mr. Barr testified to the terms of the contract under which he bought the cattle without objection and without a motion to strike, although it became evident during the trial that the contract was in writing. He testified that in December, 1957, he bought the cattle from Watkins for delivery in March, 1958; that at that time he paid $10.00 per head and agreed to pay the balance, based on a price per pound, upon delivery to him in March, 1958; that possession was retained by the seller until March; that it was agreed that loss of cattle and loss of weight prior to March would fall upon the seller; that gain in weight prior to that date accrued to the seller's benefit; that care and feeding of the cattle was under control of the seller until delivery in March, 1958, and that title was not to pass until delivery in March, 1958, when payment per pound, in addition to the said $10.00 per head, was to be made. Barr's testimony was to the effect that the agreement was fully performed; that the seller retained possession, grazed the cattle on the seller's land and fed them the seller's feed until delivery and payment therefor in March, 1958. Another witness testified that such a contract was common in the area and well understood by people in the cattle business.

 The sole question presented is whether such evidence was competent and

supported the trial court's conclusion that Barr did not own the cattle on the date they were assessed for taxes, January 1, 1958. We hold that it was competent evidence and that it supports the court's conclusion. Said testimony was not hearsay. Although it was secondary evidence, it was admitted without objection that it was not the best evidence, or any other objection, or motion to strike, after it was made clear that the contract was in writing. It was competent and it sustains the court's finding that Barr did not own the cattle when the tax assessment was made. Aetna Insurance Company v. Klein, 160 Tex. 61, 325 S.W.2d 376, 381, and cases there cited. See also 23 Tex. Jur.2d 324, 325.

The judgment is affirmed.