**NEW TRENDS, INC., Appellant,**

v.

**STAFFORD–LOWDON COMPANY,**
**Appellee.**

**No. 17491.**

Court of Civil Appeals of Texas,
Fort Worth.

March 29, 1974.

Rehearing Denied May 3, 1974.

Lyne, Klein, French & Womble, and Ron Edmondson, Dallas, for appellant.

Wynn, Irby, Brown, McConnico & Mack, and Henry C. Meyer, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

Venue case.

Stafford-Lowdon Company, plaintiff, brought suit against New Trends, Inc., defendant, on sworn account. By issues joined on defendant's plea of privilege the question to be resolved was propriety of venue in the county of suit by Vernon's Ann.Texas Civ.St. Art. 1995, "Venue", Subdivision 5, "Contract in writing".

Judgment was for plaintiff, retaining venue in the county of suit. The defendant appealed.

Affirmed.

The disputed transactions constituted three separate sales of merchandise made by plaintiff to defendant and for which plaintiff sought payment. In other words the suit was, by and between the same parties, for the enforcement of three separate contracts allegedly made. Plaintiff had made performance of its acknowledged obligations under the several contracts; and its claim is that defendant be obliged to make return-performance by payment. We do not now determine liability and the extent thereof, as upon a trial upon the merits, but whether the circumstances are such that the plaintiff may be said to have shown its entitlement to try the case on its merits in the county of the suit.

■ If the trial court was entitled to find that the defendant is obliged by writing evidencing its contractual obligation to perform any of the three contracts by payment to plaintiff in the county where suit was brought its decision should not be disturbed. The requirement by V.A.T.S.1995, Subdivision 5, is that defendant be obligated by express provision in writing to perform in the county of suit the obligation sued upon.

In order to simplify we will refer to plaintiff's Exhibit # 5, orally identified as an office copy of the plaintiff's written proposal or offer to contract to deliver to the defendant 40,000 24-page catalogues for $102.00 "per M", or a total of $4,080.-00. This had relation to one of the three contracts. Neither the fact of existence of a contract nor the terms and provisions thereof were proved by Exhibit # 5, itself, but it—coupled with supplemental testimony from plaintiff's salesman—did amount to sufficient evidence to prove it and its terms and provisions. In other words the plaintiff supplied the requisite proof by parol evidence. There is no question but that additional undisputed evidence showed that plaintiff did provide 40,000 catalogues to the defendant upon the defendant's acceptance of the proposal, but that defendant has not paid plaintiff the $4,080.00.

■ Proof of the terms and conditions of the contract by parol, i. e. the testimony of the witness thereupon and Exhibit # 5, was subject to the objection that it was not the "best evidence" thereof. However there was not an objection on that ground. Theretofore, as applied to similar proof upon the other contracts such an objection had been made. The same was not true of plaintiff's Exhibit # 5 and supplementary parol testimony. Therefore plaintiff's proof was sufficient. The right to demand the best evidence obtainable of the facts in issue is waived if a party allows secondary evidence of such facts to be admitted without objection (on that ground), and we deem such waiver to have occurred. 23 Tex.Jur.2d p. 324, "Evidence", § 211, "Waiver of right to best evidence"; Aetna Insurance Company v. Klein, 160 Tex. 61, 325 S.W.2d 376, 381 (1959).

The contractual provision upon which proper decision in the case might be made was proved by secondary evidence. Such showed that defendant, both by acceptance of the plaintiff's offer to perform and by acceptance of plaintiff's performance, had agreed to pay, as its return performance (pursuant to language which plaintiff's witness testified to have been set forth in writing by the original offer to contract), as follows: "Terms: Cash at seller's home office, net ten days E. O. M. (end of month) or 30 days net."

■ The absence of proof in the record of any signature upon the written offer to contract by anyone connected with the plaintiff we deem immaterial, for there is nothing in the venue statute that requires either party to sign any instrument. Contractual assent may be proved by means other than by signature. Knapp Corporation v. Lofland Company, 466 S. W.2d 847 (Dallas Civ.App., 1971, no writ hist.).

What is material is the answer to the question: "Is there a writing evidencing the obligation to which the defendant has contractually agreed to be bound?" That the writing have appended a signature is not essential to plaintiff's discharge of his burden of proof. For example, modern-day commercial practices involve offers and acceptances by telegram, in consequence of which oral contracts are considered to have been reduced to writing evidencing the parties' agreement. Indeed, where the offer (even by telegram) is orally accepted (as by the phone) a contract in writing is to be deemed existent, with its (written) terms the language in the telegram.

■ Under circumstances of the instant case the defendant is to be deemed as having itself contracted in writing that the return-performance on its part (necessarily agreed upon by defendant's acceptance of the performance by plaintiff of the written offer) is by written obligation. It is the reduction of the agreement to written or printed form and the agreement to the terms as so reduced which is "of the essence" to the application of provisions of Subdivision 5. On the development of and existent state of the law see 1 McDonald, Texas Civil Practice, 1965 Revised Volume, p. 447, et seq., "Venue", § 4.11.3, "— (II) Suit Upon Written Contract", and § 4.-11.4, "—(III) Contract Binding Upon Defendant".

The implied fact findings and legal ruling of the trial court holding venue to be properly laid under Subdivision 5 has support by what is hereinabove written.

■■ We make reference to the other transactions which were sued upon by plaintiff. These involved like sales of like merchandise. In these, or at least as applied to one, it would appear that the court erred in admitting parol testimony relative to the terms and provisions of contract over the objection that such evidence could be received only in violation of the "best evidence rule". Of course the contracts themselves would be the best evidence thereof and to determine defendant's obligation in writing. In other words, it appears that in view of the objection the obligation of neither of such contracts was properly proved by plaintiff's parol showing relative thereto. No proper predicate had been laid for proof of the terms and provisions by secondary evidence, as by demand for defendant to produce the original contract or offer. There was error by permitting proof by secondary evidence which should, as to these transactions, perforce the objection, have been excluded. 2 Jones on Evidence, Sixth Edition, p. 101, "Best and Secondary Evidence", § 7:6, "Admissibility of Secondary Evidence Generally", and (p. 127) § 7:19, "Adversary in Possession of Writing; Notice to Produce". IV Wigmore on Evidence, Third Edition, p. 357, "Detention by Opponent", § 1199, "Detention by Opponent; in General"; Aetna Insurance Company v. Klein, 160 Tex. 61, 325 S.W.2d 376, 381 (1959).

■ However, the want of proper trial because of the error in the admission of secondary evidence to prove essential material on these transactions does not make the decision of the trial court erroneous. The same error did not exist as applied to proof of the third transaction for as to that the same objection was not made. Without question plaintiff's suit on the third transaction was properly joined with the others.

Where two or more causes of action are properly joined, and the claims litigated are between the same parties (as is the situation in the instant case) if there be venue as to one cause of action, venue would likewise exist to the other(s). Basis of such rule is Texas public policy to avoid a multiplicity of suits. 59 Tex.Jur.2d, p. 542, "Venue", § 116 "(Joinder of Actions; . . . .)—In general; Rule of permissive joinder". Hence venue, being properly laid to a part of plaintiff's suit, is properly retained in the county of suit as to plaintiff's entire case.

Judgment is affirmed.